# REPORTS OF DECISIONS

OF THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

## CHARLESTON.

CLARK *v.* THE WEST VIRGINIA CENTRAL & PITTSBURG RAILWAY
COMPANY.

Submitted Janury 12, 1901.   Decided November 9, 1901.

1.  APPEAL—*Supreme Court—Judgment of Justice.*
     A writ of error lies from the Supreme Court of Appeals to
     the order of a judge of a circuit court improperly refusing an
     appeal from the judgment of a justice of the peace.   (p. 3).

2.  CONSTITUTIONAL LAW—*Appeals—Amount in Controversy.*
     Such order made in a case tried by a jury in a justice's court,
     in obedience to the decisions of the Supreme Court of Appeals,
     holding an act of the legislature, allowing appeals in such cases,
     to be unconstitutional, is a case involving the constitutionality
     of a law, and such writ lies, although the amount in controversy
     is less than one hundred dollars.   (p. 3).

Error to Circuit Court, Tucker County.

Action by Howard Clark against the West Virginia Central &
Pittsburg Railway Company.   Judgment for plaintiff, and de-
fendant brings error.

*Reversed.*

C. WOOD DAILEY, for plaintiff in error.

W. H. KELLEY, for defendant in error.

POFFENBARGER, JUDGE:

Howard Clark brought an action against the West Virginia Central and Pittsburg Railway Company, before a justice of the peace of Tucker County in which he recovered a judgment for fifty dollars, rendered upon the verdict of a jury, after the overruling of a motion to set aside the verdict. Thereupon the defendant filed a sufficient appeal bond and asked the justice to allow an appeal, but it was refused by the justice on the ground that in his opinion he had no authority to allow it. After waiting ten days the defendant presented its petition to the judge of the circuit court of said county, verified by affidavit, accompanied by a transcript from the docket of the justice and copies of all papers in the action, praying an appeal from said judgment and stating the refusal of the justice to grant the appeal as a reason for the failure to obtain it from him. The judge also refused the appeal and endorsed his refusal of it on the petition. From the action of said judge in so refusing the appeal a writ of error was allowed by this Court.

The amount involved here, exclusive of costs, is only fifty dollars, but under the sixth clause of section 1 of chapter 135 of the Code, the writ of error was properly allowed. That clause authorizes it "In any case involving freedom or the constitutionality of a law," without regard to the pecuniary amount in controversy. An appeal, involving a question similar to the one presented here, was entertained in *Barlow* v. *Daniels,* 25 W. Va. 512, although the amount in controversy was only forty-seven dollars and eighty-seven cents. That the constitutionality of a certain statute must be considered here is clearly apparent. Its constitutionality is not questioned by the plaintiff in error, but the judge, from whose decision it has come to this Court on writ of error, has held the statute unconstitutional in rendering the adverse decision. Section 165 of chapter 50 of the Code provides that "In all cases an appeal shall lie, under the regulations herein prescribed, from the judgment of a justice to the circuit court of the county, when the amount in controversy on the trial before the justice exceeds fifteen dollars, exclusive of interest and costs." This provision was made in the acts of the legisla-

ture of 1872-3, chapter 24, section 8, which was amended and
re-enacted by chapter 8 of the Acts of 1881. In the case of
*Barlow* v. *Daniels & Co.,* 25 W. Va. 512, this Court held that act
to be unconstitutional and void, so far it permitted appeals to be
taken in cases in which trials were had by juries before justices
of the peace. The syllabus of that case reads as follows: "The
provision of section 13 of Article III of the Constitution of this
State as amended in 1880, which declares, that 'No fact tried by
a jury shall be otherwise re-examined, in any case, than accord-
ing to the rules of common law,' applies to cases tried by a jury
of six before a justice, and prohibits the re-trial of such cases
by the circuit court under the provisions of chapter 8, Acts of
1881."

From that time until the decision in the case of *Richmond*
v. *Henderson,* 48 W. Va. 389, decided in December, 1900, such
appeals could not be allowed by the inferior courts and justices
of the peace because of the decision in *Barlow* v. *Daniels & Co.,*
and several other cases in which the same proposition was ad-
hered to. Following these decisions, the justice of the peace and
judge of the circuit court must have based their action in refus-
ing the appeal upon the opinion that section 163 of chapter 50,
is unconstitutional to the extent to which it is held to be so in
*Barlow* v. *Daniels & Co.* They could have had no other reason
for refusing it. Under the decisions of this Court as they stood
at that time, they were warranted in refusing the appeal upon
the ground of the unconstitutionality of that law. They could
not have done otherwise. Since that time the proposition laid
down in *Barlow* v. *Daniels & Co.* and other cases following it has
been overruled by the decision in the case of *Richmond* v. *Hen-
derson,* which holds that a jury of six in a justice's court is not
such a jury as is contemplated in section 13, Article III of the
Constitution, providing that "No fact tried by a jury shall be
otherwise re-examined in any case, than according to the rules
of common law," and that an appeal may be taken from the
judgment of a justice of the peace in any case, whether tried by
a jury or not, in which the amount in controversy is sufficient.
It was because of the decisions of this Court that the appeal in
this case was refused. But those decisions held an act of the
legislature to be unconstitutional. Following those decisions,
bound by those decisions, the justice of the peace and the judge
of the circuit court, nevertheless, held the same act of the legis-

lature to be unconstitutional in refusing to allow the appeal. Hence, in refusing it, they denied the constitutionality of that act and, therefore, the case as presented here, involves the question of its constitutionality.

In seeking its appeal in the justice's court the defendant complied with all the requirements of the law. The justice refused the appeal. Its application was made within the ten days within which a justice of the peace may allow an appeal, or rather, in which an appeal may be taken as a matter of course in a justice's court. Section 174 of chapter 50, provides that such appeals may be granted by the circuit court or a judge thereof in vacation within ninety days after the date of the judgment, if the party desiring the appeal shows good cause for his not having taken such appeal within the said ten days. It would be difficult to conceive of a better reason or cause for the failure to take the appeal in the justice's court within the ten days than a refusal of the justice to grant it, after a full compliance, within that time, with all the requirements of the law in that respect. The judge of the circuit court erred in refusing to allow the appeal.

His action in so doing must be reversed and the case remanded to the circuit court, with directions to allow the appeal, there to be further proceeded in according to law.

*Reversed.*