| 24 | 401 |
| 34 | 350, |
| 24 | 401 |
| 41 | 730 |
| 24 | 401 |
| 46 | 9 |
| 24 | 401 |
| 61 | 431, |
| 24 | 401 |
| f62 | 115 |

# WHEELING.

## NEAL, ADMINISTRATOR, v. VAN WINKLE.

Submitted June 23, 1884—Decided July 5, 1884.

1. To give this Court jurisdiction in a cause, involving matters simply pecuniary, the record must show not only that the party complaining has been prejudiced by the decree or judgment of the

inferior court, but that the amount in controversy in this Court exceeds the value of one hundred dollars exclusive of costs. (p. 404.)

2. When some of the questions litigated in the inferior court are there decided in favor of the appellant, or are settled or withdrawn from the controversy before the appeal is taken, the amount remaining and continued in controversy in this Court, and not that involved in the suit as originally framed, determines the jurisdiction of this Court. (p. 404.)

3. It is the settled law of this State that, unless the appeal can be sustained on some other ground, this Court will not take jurisdiction to decide a question of costs merely. (p. 405.)

The facts of the case are stated in the opinion of the Court.

*W. W. Van Winkle* for appellant.

*W. S. Sands* and *R. Heber Smith* for appellee.

SNYDER, JUDGE:

In April, 1883, Joseph B. Neal, as administrator, with the will annexed, of Paul Cook, deceased, brought this suit in in the circuit court of Wood county against the devisees and legatees of his testator, Benjamin Chancellor and others. The bill, after setting out the will of said Cook and the codicils thereto, and the conflicting constructions alleged to have been given thereto, avers that the plaintiff by reason of these conflicting claims is entitled to have the aid of the court to interpret said will and determine the rights of the claimants thereunder.

The defendants, the present appellants, demurred to and answered said bill, denying that there was any difficulty or dispute about the interpretation of the will or necessity for this suit, and such proceedings were had that the cause was finally heard on August 7, 1883, when the court pronounced the decree from which this appeal was taken by Sarah Van Winkle, Hannan Van Winkle, Maria Amiss and Laura Cook, defendants in the suit and daughters of said Paul Cook, deceased.

It appears from the record that the said Paul Cook by his will and codicils, after several specific legacies, gave all the

residue of his estate including his homestead farm to his daughters, the appellants, and his three grandchildren, the children of his deceased daughter, Harriet Welles, of which said grandchildren were to have one sixth part and the appellants the other five sixths. The administrator was authorized by the will to sell and convey said homestead farm at public or private sale for one fourth cash and the residue on such credits as he might think best for the interest of the estate, and use the proceeds in carrying out the provisions of the will. In April, 1882, the plaintiff, as administrator, rented said farm to the defendant, Chancellor, from that date to March 1, 1883, for three hundred dollars, one half payable November 1, 1882, and the other half March 1, 1883. When the first instalment of the rent became due it was paid to the plaintiff, and on August 7, 1882, the plaintiff, as administrator, sold the farm, and the appellants became the purchasers and complied with the terms of the sale, and the plaintiff conveyed the same to them. After the sale the appellants notified Chancellor not to pay the last instalment of the rent to the plaintiff, but to pay it to them as the owners of the farm. However, when the last rent became due in March, 1883, the same was collected by the plaintiff and a receipt given by him to Chancellor for it. The amount so collected was one hundred and forty dollars, out of which the plaintiff paid seventy-six dollars and eighty-eight cents in discharge of the taxes for 1882 on said farm, thus leaving in his hands only sixty-three dollars and twelve cents. Thereupon, on March 31, 1883, the appellants ignoring the said payment to the plaintiff as administrator brought their action against Chancellor before a justice for said rent, and recovered a judgment for one hundred and forty dollars and seventy cents.

The bill and proceedings embrace matters other than those above referred to, but none of them affect the appellants or have any bearing upon any question which they have a right to raise on this appeal. The circuit court, after disposing of other questions in which the appellants were not concerned, decreed that the plaintiff had no right as administrator to rent said farm, or collect the said one hundred and forty dollars as such, but that the devisees by permitting him to rent

the farm and collect the first instalment of the rent without objection, a portion of which they had received, had ratified his act and the appellants were, therefore, restrained from enforcing their judgment for said last instalment of the rent against Chancellor, and the plaintiff was ordered to account for said one hundred and forty dollars to the appellants and the Welles children, less the seventy-six dollars and eighty-eight cents paid out by him in discharge of taxes for 1882, on said farm, and that the plaintiff should pay the costs of this suit out of the estate of the testator. Thus it appears that as to the construction of the will the circuit court sustained the view of the appellants by holding that the plaintiff as administrator had no authority to rent the farm or collect the rents. The only other matter of which they have any right to complain is the order restraining them from collecting their judgment against Chancellor. Does this give them the right to invoke the jurisdiction of this Court?

To entitle a party to invoke the jurisdiction of this Court, in a controversy purely pecuniary, the record must show not only that such party has been prejudiced by the decree or judgment of which he complains, but that the matter in controversy in this Court exceeds the value of one hundred dollars exclusive of costs—section 1, chapter 157, Acts 1882, page 505.

When some of the questions litigated in the inferior court are decided by that court in favor of the appellant, or a part of the sum claimed by him has been recovered or settled before the appeal is taken, the actual amount still in controversy, and not that involved in the suit as originally framed, determines the jurisdiction of this Court. The amount in controversy continued by the appeal must exceed one hundred dollars or this Court will not have jurisdiction— *Rymer* v. *Hawkins*, 18 W. Va. 309; *Bee* v. *Burdett*, 23 *Id.* 744.

Applying this rule to the facts in this cause and it is plain that this Court has not jurisdiction. The amount in dispute affecting the appellants, as we have seen, was one hundred and forty dollars. Of this sum the circuit court applied seventy-six dollars and eighty-eight cents to the payment of the taxes on the land of which the appellants were the owners and for which said land was bound. This was in

effect giving the appellants the benefit of that part of said one hundred and forty dollars, thus leaving the remaining sixty-three dollars and twelve cents as the only sum in controversy, of which five-sixths, or fifty-two dollars and sixty cents was directed by the decree of the circuit court to be paid to the appellants or to be accounted for by the plaintiff to the residuary distributees of which the appellants are entitled to five out of six shares. It thus appears that but one-sixth of said sixty-three dollars and twelve cents or ten dollars and fifty-two cents, the part decreed to the Welles children, is now in controversy, and it is, therefore, plain that this Court has not jurisdiction.

It is claimed further that the decree of the circuit court is erroneous because it directs the costs of the suit to be paid out of the estate of the testator to the prejudice of the appellants. This Court has repeatedly held that, unless the appeal can be sustained on some other ground, it will not take jurisdiction to decide a question of costs merely—*King* v. *Burdett*, 12 W. Va. 688; *Boggess* v. *Robinson*, 5 Id. 402.

For the foregoing reasons the appeal must be dismissed with costs to the appellee, Jos. B. Neal, administrator, &c., as having been improvidently awarded.

APPEAL DISMISSED.