# WHEELING.

LOVE v. PICKENS et al.

Submitted June 12, 1885.—Decided July 9, 1885.

To give this Court jurisdiction in a cause involving matters simply
    pecuniary, the record must show not only that the party com-
    plaining has been prejudiced by the decree or judgment of the
    inferior court, but also that the amount in controversy in this
    Court exceeds the value of $100.00 exclusive of costs.

GREEN, JUDGE, furnishes the following statement of the
case:

From November 23, 1878, there was pending in the cir-
cuit court of Barbour county an action of debt brought by
James Pickens against Byron Love and David Queen on a
single bill dated August 9, 1875, for $150.00 with interest
from its date.   In this suit usury was pleaded, and, the case
not having been tried, on May 9, 1879, Byron Love, one of

the defendants, filed in the circuit court of Barbour county by leave of the court his bill of injunction to stay the proceedings in this common law case and asking that this question, whether or not there be usury in the transactions, out of which the executing of this single bill arose, and the extent of such usury, be inquired into in the court of equity, and that a discovery of these usurious transactions be made by said Pickens. His co-obligor in said single bill was made a defendant together with James Pickens; and the transactions, out of which this single bill arose, are stated in the bill but need not here be stated. The prayer of the bill was:

. "That the said defendants may be made parties to this bill and answer the same upon oath as the law requires; that the defendant James Pickens be enjoined and restrained from further proceedings in the said suit at law until these matters shall be inquired of and as the court may then direct; may your orator, upon mature consideration of the premises, be relieved from all usurious extortions in these transactions, and the amount and extent of the same be fully inquired of and ascertained; and may your orator have all further and general relief herein; and a summons, issued," &c.

The injunction prayed for was awarded, and the bill was demurred to as well as answered by James Pickens. The demurrer was overruled. Depositions were taken in the cause. And on a motion to dissolve this injunction made in vacation by James Pickens the judge of the circuit court of Barbour county made this order on June 12, 1882: "It is adjudged, ordered and decreed that the said injunction so granted as aforesaid as to $105.00 of the debt in the bill and proceedings mentioned with interest thereon from August 9, 1876, be dissolved, and as to the residue thereof, to-wit, $45.00 with interest as aforesaid the said motion to dissolve said injunction is overruled, and it is directed that this order be entered of record by the clerk of the circuit court of Barbour county."

. On November 4, 1882, the court entered the following final decree in said cause after reciting the previous proceedings in said cause:

" And the court proceeding to ascertain the aggregate sum of the debt and demand at law which the said Pickens is entitled to recover in these proceedings, and finding the said amount to be $144.25, as of this date, and nothing further being done or shown since the said vacation order why there should not be entered a final decree herein, it is therefore adjudged, ordered and decreed that the said action at law of the said James Pickens be and the same is hereby discontinued and stricken from the law docket of this court, but with costs at law against the said defendant. And it is further adjudged, ordered and decreed that the said James Pickens is entitled to and may have herein execution for the said aggregate sum of $144.25, with interest thereon from November 4, 1882, until paid, and his said costs at law against the said Byron Love and David Queen, and that as to the residue of his said debt and demand at law the said injunction against the said Pickens be and remain perpetuated, and that the said Byron Love recover of and from the said defendant, James Pickens, his costs in this cause expended."

James Pickens in his petition for an appeal and *supersedeas* assigns the following errors : The court erred first, in overruling his demurrer ; second, in dissolving the injunction by this vacation-order as to $105.00, when he should have dissolved it as to $123.00, and continued it only as to $27.00 ; and lastly the court erred in its decree of November 4, 1882, in decreeing against Love and Queen in favor of the petitioner, Pickens, only $144.25, when the decree should have been for $168.95. Upon this petition an appeal and *supersedeas* was granted to James Pickens to the vacation-order of June 12, 1882, and the decree of November 4, 1882.

*A. G. Reger & Son* for appellant.

*Dayton & Dayton* for appellee.

Green, Judge :

It has been often decided and may be regarded as perfectly well settled law, that, to give this Court jurisdiction in a cause involving matters simply pecuniary, the record must show not

only that the party complaining has been prejudiced by the decree or judgment of the inferior court, but also that the amount in controversy in this Court exceeds the value of $100.00, exclusive of costs. (*Greathouse* v. *Sapp, supra,* 87 ; *Neal's Adm'r* v. *Van Winkle,* 24 W. Va. 401, pt. 1 syl.; *Rymer* v. *Hawkins,* 18 W. Va. 309; *Bee* v. *Burdett,* 23 W. Va. 744.) The whole amount of the debt of the appellant, which he sued upon, was $150.00 with interest from August 9, 1875, which on November 4, 1882, when the final decree was rendered, amounted to $215.13. He obtained a decree against both the parties, who, he claimed, owed him this debt, for $144.25 and for his costs in the common law suit, only $70.88 less than the full amount of his claim. In fact he did not dispute that the appellees were entitled to some abatement from his full claim of $215.13, and he only claimed, as is shown by his petition for an appeal and by the argument of his counsel in this cause, that he was entitled to a decree for $168.95, that is, for $24.70 more than the decree rendered by the circuit court. The real matter in controversy therefore in this Court is this $24.70. But if we look only to such part of the record, as I have thought it necessary to set out, the matter in controversy in this Court exclusive of costs might amount to $70.88 with interest from November 4, 1882. It is clear, therefore, that under no possible view of this cause is it possible to make the matter in controversy in this Court equal to $100.00. We have therefore no jurisdiction to hear and determine this cause; and the appeal and *supersedeas* ought not to have been awarded, and it must now be dismissed as improvidently awarded.

DISMISSED.