# CHARLESTON.

## CURREY v. LAWLER et al.

Submitted June 15, 1886.—Decided November 20, 1886.

1. FRAUD—MISTAKE—BILL IN CHANCERY—PROOF.

Where parties have made a settlement in regard to a transaction and struck a balance, which has been adjusted by cash or note, it is incumbent on the party complaining of fraud or mistake by suit in equity to allege it specially in his bill and establish it by proof. (p. 115.)

2. JURISDICTION—DEFICIENCY IN QUANTITY OF LAND.

Where the plaintiff in a suit in equity seeks relief on account of deficiencies in two distinct tracts of land, and it is clearly shown by both the pleadings and proofs in the cause, that there is in fact no deficiency as to one of the tracts, and the value of the deficiency in the other is less than $100.00, and relief is denied in the Circuit

Court, this Court has no jurisdiction to review the decree of the Circuit Court. (p. 115.)

3. DEFICIENCY IN QUANTITY OF LAND.

A. and B. make an exchange of lands, whereby A. is to convey to B. 28 acres, and B. is to convey to A. 45 acres. The 28 acres is part of a tract of 76 acres owned jointly by A. and C. Before any conveyance B. purchases C.'s portion of the 76 acres, and then A. and C. unite in a deed with general warranty conveying the 76 acres to B. It is subsequently ascertained, that the 28 acres are in fact 31 acres, and the 76 acres are but 73 acres. In a suit by A. against B. to recover compensation for the excess of 3 acres in this 28 acre tract, HELD :—Even conceding that A. might have been entitled to recover for said excess of three acres, if he had conveyed the 28 acres separately, yet as the record shows he is *prima facie* liable to B. for the deficiency in the tract of 76 acres, he is not entitled to relief in such suit. (p. 116.)

4. BILL IN CHANCERY.

A plaintiff must allege as well as prove the facts, on which he claims relief. He can not obtain relief on any ground not alleged in his bill. (p. 116.)

*Martin & Woods* for appellant.

*James Morrow, Jr.,* for appellees.

SNYDER, JUDGE :

Bill filed by Joseph M. Currey against N. P. Lawler and Milton Currey in the Circuit Court of Taylor county, in which the plaintiff avers, that he and defendant, Lawler, had made an agreement for the exchange of lands by which he was to get from Lawler 45 acres at $21.00 per acre, and Lawler was to get from him 28½ acres at $25.00 per acre and he was to pay Lawler the difference ; that each parcel was to be surveyed, the number of acres ascertained and deeds made therefor by each to the other ; that on June 26, 1876, he conveyed his land to Lawler ; that prior to the execution of the deed he had his land surveyed and plat made thereof, by which it appeared to be 28½ acres, but he is advised there is a mistake of about 3½ acres in said survey, and that it contains 32 acres instead of 28½ acres ; that Lawler has refused to make him a good deed for the 45 acres ; but, on the contrary, he has executed and delivered to him a deed which encroaches upon land claimed by and in the possession of

the defendant, Milton Currey, the quantity so claimed being about 1½ acres, worth $21.50; that he has refused to accept said deed from Lawler; that in pursuance of said agreement the respective parties were placed in possession of the lands so received in the exchange, except that he has not been placed in possession of that part of the 45 acres held by Milton Currey; that after said agreement had been made, to-wit, June 26, 1876, the parties, believing that 45 and 28½ acres were the quantities of said tracts of land, had a settlement on that basis, and plaintiff paid Lawler the difference, except $125.00, for which he on that day gave Lawler his note, payable one day after date; that afterwards, on March 23, 1877, Lawler obtained a judgment on said note in the county court of Taylor county for $130.50 and $8.35 costs, upon which execution has issued.

The plaintiff further avers that he is advised he is entitled to have the said 45 acres with an unclouded title, and an abatement on the purchase money for so much thereof as he fails to get, and also a credit for the 3½ acres, which is in excess of the 28½ acres, on the aforesaid judgment. He therefore prays, that an injunction may be granted to restrain the collection of said execution; that an abatement may be made and credit given for what he is entitled to in the premises, and for general relief.

The injunction was awarded, and the defendants demurred to and also answered the bill. The defendant, Milton Currey, expressly disclaims any claim or right to the part of the 45 acres alleged to be in his possession and says that he never refused to give the plaintiff full possession of the same. And the defendant, Lawler, answers, that according to agreement the 45 acre tract was surveyed and the plaintiff was present and expressed his satisfaction as to both the lines and quantity; that after said survey had been made respondent agreed to take the other tract at 28½ acres and about ten days thereafter he and the plaintiff met and settled and exchanged deeds and the plaintiff executed to him the note for $125.00 for the balance due on the difference in the value of said lands and in final adjustment of the whole trade and transaction. He denies that the deed made by him to plaintiff is not a good and sufficient deed

for the said 45 acres, or that there is in fact any excess in the 28½ acres conveyed by the plaintiff, or that plaintiff is entitled to any abatement or credit for purchase money on account of any deficiency or excess in either of said tracts of land.

The court overruled the demurrer and ordered a survey to ascertain the true quantity of land in each of the aforesaid tracts. The surveyor made the survey and filed his report, showing that according to his survey there was 31½ instead of 28½ acres in the one tract and 43 instead of 45 acres in the other tract. But it appears from the testimony of the surveyor and other depositions filed in the cause, that the alleged deficiency of two acres in the 45 acre tract is the two acres alleged to be in the possession of the defendant, Milton Currey, who both in his answer and deposition disclaims title thereto and states that he has never set up any claim to the same or refused to permit the plaintiff to take possession of it.

In regard to the 28½ acres, the proof shows that the plaintiff and the defendant, Milton Currey, were the owners of a tract supposed to be 76¼ acres; that they verbally agreed upon a line of division between them by which the plaintiff was to get 28¾ acres and Milton Currey 47½ acres; but before any conveyances were made or actual partition took place between them, they each severally sold their interests to the defendant, Lawler, and by their joint deed, dated June 26, 1876, conveyed the said 76¼ acres to Lawler with covenant of general warranty. While the survey made, as above stated, shows that the part assigned to the plaintiff by the said verbal agreement between him and Milton Currey, included 31½ acres, it also shows that the whole tract conveyed to Lawler contains only 73 instead of 76¼ acres, thus showing a deficiency of 3¼ acres instead of an excess. These are the material facts as shown by the record.

By decree of Nov. 19, 1885, the court being of opinion that the plaintiff was not entitled to any relief, dissolved the injunction, ascertained the amount of principal, interest and damages to which the defendant, Lawler, was entitled by reason of the judgment enjoined, gave him a decree for that amount and the costs of this suit. From this decree the plaintiff appealed.

The law is well settled, that a mistake will not be cor-
rected in equity where the parties to the contract have equal
knowledge, or equal means of obtaining knowledge, of the
mistake, and there has been no concealment, surprise or im-
position—*Belt* v. *Mehcn*, 2 Cal. 159; S. C. Am. Dec. 329;
*McCobb* v. *Richardson*, 41 Am. Dec. 374; *Juzan* v. *Toulmin*,
44 Id. 448.

In *Langdon* v. *Roane*, 6 Ala. 518, it was decided that,
"Where the parties have settled their accounts and struck a
balance, which has been adjusted by cash or with a security
for its payment at a future day, it is incumbent upon the
party complaining of fraud or mistake, by suit in chancery,
to allege it specially in his bill, and to establish the allega-
tion by proof; and the agreement by the parties that errors
should be corrected, does not relieve the complainant from
the *onus* of proving the mistake." See Story's Eq. Pl., § 251
and 800.

According to these authorities the demurrer to the plain-
tiff's bill should have been sustained as there is no allega-
tion in the bill of any concealment, fraud or imposition. In
fact it appears from the bill that the most material mistake
was in the quantity of the land sold by the plaintiff to the
defendant, a fact of which he is presumed to have more
knowledge than the defendant. (*Crislip* v. *Cain*, 19 W. Va.
438).

It is plain that the plaintiff has failed to establish any de-
ficiency in the 45 acre tract. The party, by whom he avers
part of this land is held and claimed, has both in his answer
and deposition expressly disclaimed any title or claim
thereto. If, therefore, it be conceded that there was an ex-
cess of three acres in the 28½ acre tract for which the plaintiff
would be entitled to compensation at $25 per acre, the whole
amount would be less than $100.00, the sum necessary to give
this court jurisdiction. (*Neal* v. *Van Winkle*, 24 W. Va.
401). But the plaintiff has not satisfactorily proven that
there is any such excess in the 28½ acre tract; and he has
certainly failed to show that he is entitled to any compensa-
tion for such excess even if it exists.

The proof is conflicting as to whether or not there is any
such excess. The surveyor who first ran off the land says,

it contains but 28½ acres while the surveyor who made the
last survey says it contains 31½ acres.   Whether the one or
the other of these conflicting statements is true, it was for
the court below to decide, and it is not for this court to re-
verse that decision, unless it plainly appear to us that it was
erroneous.   (*Smith* v. *Yoke,* 27 W. Va. 639; *Doonan* v.
*Glynn,* 28 W. Va. 715.)

But the deed in which the plaintiff united to convey this
part of the land, conveys 76¼ acres with general warranty,
while the proof shows that the tract contains in fact but 73
acres.   If therefore, it was admitted the part sold by the
plaintiff contained 31½ instead of 28½ acres, and that he would
be entitled to compensation from Lawler for the excess if
he had conveyed the 28½ acres by a separate deed, still as the
record shows that he is *prima facie liable* to Lawler on his
joint warranty for the deficiency in the 76¼ acres, he has
failed to establish that he is entitled to compensation for his
alleged excess of three acres in the 28½ acre tract.   (*Crislip*
v. *Cain,* 19 W. Va. 438.)   He can not recover from Lawler
when the record shows *prima facie* that Lawler has a coun-
ter-claim which exceeds his in amount.

Counsel for the appellant insist in this court for the first
time that the certificate of acknowledgment of the wife of
Lawler to the deed for the 45 acres is insufficient to relinquish
her contingent dower in the land.   An inspection of the cer-
tificate shows that this is true.   It also appears that the ac-
knowledgment of the wife of the plaintiff to the deed for the
76¼ acres has the same defect.

The bill contains no allegation as to the defect in or insuf-
ficiency of the wife's acknowledgment to the said deed for the
45 acres of land, and the plaintiff can, therefore, claim no relief
in this suit on that ground.   A plaintiff can no more obtain
relief without the proper averments in his bill, than he can
without proof of such averments when made.   The one is as
essential as the other and both must concur or relief can not
be granted.   (*Pusey* v. *Gardner,* 21 W. Va. 469.)

For the aforesaid reasons, I am of opinion that the decree
of the circuit court should be affirmed.

AFFIRMED.