# CHARLESTON.

·ASPINALL *v.* BARRICKMAN *et al.*

Submitted January 28, 1887.—Decided April 2, 1887.

JURISDICTION—RECORD.

> Where the matter in controversy is merely pecuniary, in order
> to give this Court jurisdiction the record must affirmatively show,
> not only that the party complaining has been prejudiced by the
> decree of the inferior court, but also that the amount in contro-
> versy in this Court is of greater value than one hundred dollars
> exclusive of costs.   (p. 511.)

*A. Edmiston* and *W. W. Brannon* for appellant.

*W. E. Lively* for appellees.

SNYDER, JUDGE :

In October, 1876, Joseph Barrickman and Rebecca Core,
a daughter of John Core, were united in marriage in Mon-
ongalia county, this State. At the time of the marriage
Barrickman was a young man with very little estate. For
the first four years he lived with or on the farm of his fath-
er-in-law. By deed, dated July 10, 1882, John Core and wife
conveyed to Barrickman and wife jointly a tract of 116
acres of land in said county. The consideration expressed
in the deed is love and affection, $50.00 to be paid annually
to the grantors during their lives and certain other things to
be furnished to the grantors by the grantees. Barrickman
and wife moved to and resided upon said land for some time ;
and during that time Barrickman persuaded his wife to
unite with him in the sale and conveyance of this land, with
the understanding, that with the proceeds of the sale they
would purchase other land and have the title conveyed to
them jointly and in the same way they held the land they
then owned. After obtaining the consent of the wife's
father to this agreement, they sold and by deed, dated Sep-
tember 21, 1883, conveyed the 116 acres to David C. Core in
consideration of $5,230.00, and the undertaking on the part
of the purchaser to furnish John Core the articles required

by the deed from him to Barrickman and wife as aforesaid. Soon thereafter Barrickman purchased a tract of 108 acres of land in Lewis county from Joseph Eaken at the price of $4,500.00. With a portion of the proceeds of the sale of the 116 acres, he paid $3,000.00 on this purchase and gave his three notes of $500.00 each, payable respectively at one, two and three years from October 15, 1884. By deed of date October 6, 1883, Eakin conveyed this 108 acres to Joseph Barrickman alone, retaining the vendor's lien for the said three notes. These notes were subsequently assigned by Eakin to M. Edmiston. Barrickman and wife then moved to and resided upon this land in Lewis county, and so continued to reside until August 28, 1885, when Barrickman deserted his wife and four children, the eldest of whom was a girl nine years old and the youngest nine months old, and left the country for parts unknown and has not since been heard from by his wife.

Soon after the marriage of Barrickman and wife, the wife's father gave to his daughter, Mrs. Barrickman, personal property consisting of stock, household goods, &c., amounting to five or six hundred dollars in value.

While Barrickman was residing on the said land in Lewis county, he contracted a number of debts varying from $20.00 up to $225.00 in their amounts. As soon as it was discovered that Barrickman had deserted his family and left the State each of these creditors, among them the plaintiff, brought separate suits against Barrackman and wife and others in the Circuit Court of Lewis county, and sued out attachments in equity against Barrickman and caused the same to be levied on the said 108 acres of land and all the personal property found thereon. The controversy in these suits was principally between the plaintiffs and Mrs. Barrickman, and related almost entirely to the ownership of said land and personal property. The latter claiming and insisting, that it was wholly, or at least in part hers, and the former that it was in fact the property of her husband or had been so used and controlled by him with her consent as to make it liable for his debts. A number of depositions and other testimony was taken by the respective parties upon this controversy, which I do not deem it necessary to

state, further than to say, that the evidence fully estab-
lishes the facts given in the preceding statement.

On March 24, 1886, a decree was entered in all the said
causes heard together by which the court adjudged that
Mrs. Barrickman had no right or interest in the personal
property attached by the plaintiffs, but that she is entitled
to eighty seven *per cent.* of the 108 acres of land free from
the debts of her husband except the debt of Edmiston for
unpaid purchase-money, which is declared to be the first
lien on the whole of said land; that the first seven plain-
tiffs, whose several debts, including $105.50 in favor of the
plaintiff, Aspinall, aggregate the sum of $636.69 are enti-
tled to recover and be paid ratably their several debts, with
interest from March 8, 1886, and costs, the same to operate
as the first lien on the personal property attached in these
causes and also as the first lien on thirteen *per cent.* of said
land, subject to the aforesaid debt of Edmiston. From this
decree the plaintiff, W. H. Aspinall, obtained this appeal.

The first question which is suggested to us by the facts in
the case is : Has this Court jurisdiction to entertain this ap-
peal? Neither the amount realized from the sale of the
personal property attached by the sheriff nor the costs de-
creed to be paid to the several plaintiffs appeared in the
transcript at the time the case was submitted to us for de-
cision. Since then we caused a writ of *certiorari* to be is-
sued to the clerk of the Circuit Court directing him
to certify as to said matters. In reply to said writ
the clerk has certified, that the aggregate costs taxed in fa-
vor of the plaintiffs in the aforesaid first seven causes is
$328.70, but no return was made of the amount realized
from the sale of the personal property, the clerk certifying,
that no return of the sale by the sheriff had been filed in his
office. The items of the property so attached appear in the
transcript before us, and in the absence of the report of sale
by the sheriff, we can only estimate the probable amount
realized from the sale. The property so attached as shown
by the return of the sheriff is as follows : 2 horses, 2 mules,
2 cows, 1 bull, 2 wagons, 4 sets harness, 1 hog, 5 shoats,
2 beds and bedding, 1 grindstone, 1 table, 1 grain cradle,
10 bushels of potatoes, 2 stacks of hay and some shelled

oats. It seems to me, that a fair estimate of the value of this property could hardly fall below $428.70. If we deduct from this sum the $328.70, the aggregate of taxed costs of the seven suits, it will leave $100.00 to be applied ratably, to the $636.69 decreed to be paid to said seven plaintiffs. This $100.00 would pay over 15 *per cent.*, and deducting from the debt of $105.50 decreed to appellant, Aspinall, the said *per cent.*, which is over $15.00, there remains only $90.00 due him. Thus, without considering the additional sum to be realized by the appellant as his portion of the proceeds of the land decreed to be sold in part to pay his debt, the record here shows, that there is less than $100.00 in controversy upon this appeal. It is, at least, very certain, that the record fails to show affirmatively, that a sum equal to or greater than $100.00 is in controversy. This appeal has been taken by Aspinall alone and the most that a reversal could benefit him would be the recovery of the balance of his debt after deducting thereon the amount decreed to him by the Circuit Court, and this as we have seen does not probably exceed $90.00, which is a sum below the amount required to give jurisdiction to this Court. The repeated decisions of this Court have fully settled the law, that where the matter in controversy is merely pecuniary in order to give this Court jurisdiction, the record must affirmatively show not only, that the party complaining has been prejudiced by the decree appealed from, but also, that the amount in controversy in this Court exceeds in value one hundred dollars exclusive of costs. (*Neal* v. *Van Winkle*, 24 W. Va. 401; *Rymer* y. *Hawkins*, 18 Id. 309; *Love* v. *Pickens*, 26 Id. 341; *Morrison* v. *Goodwin*, 28 Id. 328.)

For the reasons stated, this appeal is dismissed as having been improvidently awarded.

DISMISSED.