# CHARLESTON.

## HEDRICK v. BUILDING ASSOCIATION.

Submitted January 18, 1902.    Decided April 5, 1902.

1. APPEAL—*Jurisdiction—Amount in Controversy.*
    Where a pecuniary demand in a suit in a circuit court is ninety-five dollars and the answer of the defendant admits as due and offers to pay sixty-one dollars and ninety-five cents, and the decree is against the defendant for one hundred and four dollars and eighty-three cents, leaving the amount actually in controversy forty-two dollars and eighty-eight cents, there is no jurisdiction for appeal by the defendant. (pp. 422, 423).

Appeal from Circuit Court, Mercer County.

Suit by Nannie J. Hedrick, administratrix, against the Mutual Guarantee Building & Loan Association. Judgment for plaintiff, and defendant appeals.

*Dismissed.*

W. WALTER McCLAUGHERTY, for appellant.

J. M. ANDERSON, for appellee.

BRANNON, JUDGE:

In an attachment in equity suit in the circuit court of Mercer County by Nannie J. Hedrick, Administratrix, against The Mutual Guarantee Building and Loan Association, the plaintiff obtained a decree from which the defendant appealed. We cannot consider the questions presented by this appeal for want of jurisdiction. The Constitution provides that where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars this Court shall have jurisdiction. The plaintiff's demand in this case was ninety-five dollars with interest. The defendant filed an answer admitting that of that demand it was liable for and offered to pay and tendered sixty-one dollars and ninety-five cents, but disputed the balance of the claim. The decree was for one hundred and four dollars and eighty-three cents, the difference between the two sums being forty-two dollars and eighty-eight cents. Thus the actual controversy in the circuit court was forty-two dollars and eighty-eight cents. I think the following authorities will show that we have no jurisdiction: "And the amount shown by the record and the pleadings, taken as a whole, when these disclose the real sum in dispute, is determinative of the question of jurisdiction." 1 Ency. Pl. & Prac. 714. "Amount actually in controversy. It is not always the sum demanded or claimed which controls, but that which is actually in controversy between the parties as the case stands in the appellate court, to ascertain which the appellate court may look into the entire record." "Where defendant admits a part of plaintiff's claim, the balance remaining after deducting the amount admitted is the amount in controversy." 2 Cyclo. of Law & Proced. 558, 576.

"When a judgment below is for amount sufficient to give jurisdiction above, but it appears affirmatively on the record that after deducting from it an amount not in contest below, there remains less than the jurisdictional sum, this Court has no jurisdiction." *Jenness* v. *Citizens National Bank,* 110 U. S. 52. "Where, by an agreed statement of facts in the nature of a special verdict, the plaintiff's claim was admitted by the defendant, except the sum of three thousand one hundred and thirty-four dollars and twenty cents. *Held,* that that sum was the amount actually in dispute, and although judgment was

rendered below for the entire claim, being more than five thousand dollars, the writ of error must be dismissed for want of jurisdiction." 100 U. S. 6. In the *A. Hall Terracota Co.* v. *Doyle,* 133 N. Y. the demand was six hundred and fifty-two, the answer acknowledged four hundred and two dollars to be due, and the decree was for the demand. It was held that the jurisdictional amount of five hundred dollars was not present, and the appeal was dismissed for want of jurisdiction. In Succession of C. Espinola, 21 La. Ann. 264, it is held that "the amount over which there is a contest only can be taken into consideration in determining the question of jurisdiction, and if not above five hundred dollars, the appeal will be dismissed." In *Love* v. *Pickens,* 26 W. Va. 341, *Aspinall* v. *Barrickman,* 29 *Id.* 508 and *Faulconer* v. *Stinson,* 44 *Id.* 546, it will appear that there must be one hundred dollars in controversy in the lower court and continue in this Court—that is, the real amount in contestation, not including what is admitted. Therefore we dismiss this appeal for want of jurisdiction.

*Dismissed.*