# CHARLESTON

## OPPENHEIMER *v.* TRIPLE-STATE NATURAL GAS & OIL COMPANY.

### Submitted March 5, 1907.   Decided April 18, 1907.

1. ERROR—WRIT OF—*Jurisdiction—Amount in Controversy.*

   In an action before a justice, as a general rule the amount claimed in the summons and pleadings tests the question of jurisdiction; but while this is so, yet if upon the hearing the evidence is without conflict, and it appears therefrom clearly and conclusively that the amount in controversy cannot possibly exceed one hundred dollars, exclusive of costs, this Court is without jurisdiction to entertain a writ of error.   (p. 113.)

2. SAME.

   While as a general rule the amount claimed by the plaintiff in his summons and pleadings in an action before a justice determines the question of appellate jurisdiction, yet when the pleadings are indefinite, and it appears from a consideration of the evidence that if proper pleadings had been filed presenting the real claim of the plaintiff the amount could in no event have been sufficient to give appellate jurisdiction, this Court cannot entertain a writ of error to a judgment in such action, although determined by the amount claimed in the summons, a writ of error would lie.   (p. 113.)

Error to Circuit Court, Cabell County.

Action by D. R. Oppenheimer against the Triple-State Natural Gas & Oil Company. Judgment for defendant, and plaintiff brings error.

*Dismissed.*

Isbell & Perry, for plaintiff in error.

Sanders, President:

This is an action brought before a justice of the peace, which was appealed to the circuit court, and upon the trial of the case there the jury were instructed to find for the defendant, and to the judgment rendered upon the verdict the plaintiff applied for and obtained a writ of error from one of the judges of this Court.

The plaintiff claims that he had a contract with the defendant company, whereby it agreed to furnish him gas for lighting and fuel purposes, at a stipulated price, to be paid for monthly, and that for the month of July, 1905, he did pay for the same, but notwithstanding this fact the company, under a claim that he had not done so, cut off the gas and took out the meter, the gas remaining cut off for about four days, which resulted in injury to him. The question we are first confronted with is one of appellate jurisdiction. What is the amount in controversy in this action? To determine this question, must we be guided by the amount claimed in the plaintiff's summons, or shall we look to the evidence? If viewed from the summons, we see that the plaintiff claims three hundred dollars, but upon the other hand, if we go by the evidence, which is the plaintiff's own evidence and all the evidence in the case, he being the only witness offered, we find that he has shown no damages, unless probably the sum of twenty cents.

There is nothing in the case upon which to predicate a recovery of anything except compensatory damages. The undisputed evidence shows that the gas was cut off under the belief that the plaintiff had not paid his account. The plaintiff says he received a notice from the defendant that unless it was paid on or before a certain day the gas would be cut off, and that he thereupon went to the office of the company and told them that he had paid the account, but had lost the receipt

8

which the company had given him showing this fact. It was then requested that he remain, until the one to whom he claimed to have paid the amount came in, and this he declined to do, and went away. Afterwards he found the receipt, but never notified the company that he had done so. Under these circumstances, of course it was wrong for the company to cut off the gas. But it having done so under the belief that the account had not been paid, and no malice being shown, and none claimed, this conduct is actionable, yet there can only be a recovery for the actual damages sustained, and if no actual damages be shown, then at least the plaintiff would be entitled to nominal damages, and this being so, the circuit court erred in giving the instruction to find for the defendant.

But, as we have observed, we cannot correct this unless it is found that a sum exceeding one hundred dollars is in controversy. The plaintiff fixes no measure of damages; shows that he is entitled to recover nothing but nominal damages, unless it would be, as we have before stated, the sum of twenty cents. How can we undertake to say that this Court has jurisdiction? As a general rule, the amount claimed by the summons tests the question of jurisdiction. This Court has so held repeatedly. We must ordinarily look to the pleadings to determine this matter. *Case Mfg. Co.* v. *Sweeny,* 47 W. Va. 638; *Stewart* v. *B. & O. R. Co.,* 33 W. Va. 88; *State, for use,* v. *Lambert,* 24 W. Va. 399; *Richmond* v. *Henderson,* 48 W. Va. 389. We have cases holding that the amount in controversy in an action or suit, in so far as the plaintiff is concerned, is the amount really claimed by him, which amount is to be ascertained according to the circumstances of each case, from the pleadings, the evidence before the court or jury, or from affidavits. *Machine Works* v. *Craig,* 18 W. Va. 559; *Currey* v. *Lawler,* 29 W. Va. 111. These cases have been considered and approved by JUDGE BRANNON at the present term of this Court, in the case of *Dickinson* v. *Mankin.*

The Constitution and statute fix the jurisdictional amount of this Court, and it is expressly prescribed that in matters merely pecuniary, to give jurisdiction, a sum exceeding one hundred dollars, exclusive of costs, must be involved, and when we can see plainly and clearly that the plaintiff, who

asks this Court to entertain the case, does not claim a sum sufficient to give jurisdiction, we ought not to be guided by a fictitious sum claimed in the summons.

Of course we should always be careful in disregarding the rule that the amount claimed in the pleadings tests the jurisdiction by looking to the evidence or other means to ascertain the real amount in controversy, and it should not be done where there is any conflict in the testimony, or where there is even a doubt, but where the evidence shows that there can, in no possible view of the case, or from any possible standpoint of the controversy, be a sum exceeding one hundred dollars involved, we should deny appellate jurisdiction, although to look to the summons alone we would have jurisdiction.

Appellate jurisdiction must affirmatively appear, so this Court has held, and which is the well recognized rule. *Neal* v. *Van Winkle*, 24 W. Va. 401; *Love* v. *Pickens*, 26 W. Va. 341; *Parker* v. *Valentine*, 27 W. Va. 677; *Aspinwall* v. *Barrickman*, 29 W. Va. 508, 2 S. E. 795. "The record must show clearly that the amount in controversy or value of the thing involved is sufficient to confer jurisdiction upon the appellate court." 2 Cyc. 1029.

There is no pleading filed in the case except the bare statement in the summons that the plaintiff is entitled to a certain sum as damages for a wrong, which our Court, in *O'Connor* v. *Dils*, 43 W. Va. 54, recognizes as a part of the pleadings. If a proper pleading had been filed presenting the correct theory of the plaintiff, it would have appeared therefrom that the court had no jurisdiction. It would have appeared that in no possible view could the amount of the plaintiff's recovery exceed one hundred dollars.

According to the views herein expressed, we have no jurisdiction to entertain the writ of error, and it is therefore dismissed as improvidently awarded.

*Dismissed.*