# CHARLESTON.

## V. C. YOHO v. MOSE THOMAS.

Submitted February 10, 1920.   Decided February 17, 1920.

APPEAL AND ERROR—*Where Amount in Controversy Does Not Give Appellate Jurisdiction Court Will Dismiss on Own Motion.*

Where it fully appears from the record that the sum or value in controversy is not sufficient in amount to give this court jurisdiction, the court will of its own motion dismiss the writ of error or appeal as having been improvidently awarded.

85 W. Va.

Error to Circuit Court, Wetzel County.

Action by V. C. Yoho against Mose Thomas. Judgment for plaintiff before a justice, and from a directed verdict for defendant on a trial de novo plaintiff brings error.

*Writ of error dismissed.*

*Thayer M. McIntire,* for plaintiff in error.
*M. R. Morris* and *Larrick & Lemon,* for defendant in error.

MILLER, JUDGE:

The subject of this suit, begun before a justice, and tried de novo on appeal in the circuit court, was an alleged breach of a contract between plaintiff and defendant for the alleged sale and purchase of two hundred bushels of potatoes. Plaintiff obtained judgment before the justice for fifty dollars. In the circuit court, after plaintiff had introduced all his evidence, the court, on motion of the defendant, struck that evidence out and directed a verdict for defendant, upon which the verdict of nil capiat was pronounced.

The only contract proven, if one was in fact proven, was that the defendant agreed to sell and deliver to the plaintiff two hundred bushels of potatoes, at "reasonable digging time" in the year 1917, at the price of eighty cents per bushel. On the trial plaintiff proved that at the time and place of delivery the prevailing price of potatoes was $1.20 per bushel, and the only evidence which the jury could have considered as showing market price did not exceed $1.25. At either price the damages did not exceed forty-five cents per bushel, and the total amount of damages would have been less than one hundred dollars.

The first duty of this court, on writ of error or appeal, is to tests its jurisdiction, by the sum or value in controversy. In the record we find want of jurisdiction in this court, because the sum or value in controversy does not exceed one hundred dollars; and being without jurisdiction, we must decline to take jurisdiction. The writ of error having been improvidently awarded, must be dismissed. *Dickinson* v. *Mankin,* 61 W. Va. 429; *Oppenheimer* v. *Triple-State Natural Gas & Oil Company,* 62 W. Va. 112.

*Writ of error dismissed*