# CHARLESTOWN.

## STEWART v. BALTIMORE & O. R. Co.

*(GREEN, JUDGE, Absent.)

Submitted June 20, 1889—Decided September 14, 1889.

1. DAMAGES—JUSTICE OF THE PEACE—JURISDICTION.

In determining the question of jurisdiction in an action before a justice for a wrong the amount claimed in the summons, not the damage shown by the testimony, must control.

2. DAMAGES—PRACTICE.

Where the plaintiff claims damages for the destruction of 500 rails, about one mile of board fence, some wood upon his land and a lot of growing timber, caused, as he alleges, by the negligence of the defendant in permitting fire to emit from its locomotive and spread over his land, he will not be permitted to prove general damages done to his farm, but he will be confined to the specific items of damage alleged in his complaint.

*On account of illness.

*J. A. Hutchinson* for plaintiff in error.

*U. N. Arnett* and *J. A. Haggerty* for defendant in error.

ENGLISH, JUDGE:

This was a writ of error from a judgment of the Circuit Court of Marion county upon an appeal from the judgment of a justice of said county. The defendant in error, in his complaint before said justice, alleged that on the————day of————, 1885, in the said county of Marion, the plaintiff in error suffered and permitted fire to emit and drop from its locomotive, and wrongfully and negligently suffered and permitted it to spread to and over the land of the said defendant in error, situate in said county, and to burn and destroy about 500 rails and about one mile of rail and board fence and some wood upon said land, of the value of $125.00 and burn and destroy a lot of growing timber and other forest and rail-timber, of the value $175.00 upon said land, the property and timber of said defendant in error; and he claimed that he was damaged to the amount of $300.00 in the manner therein stated; and in the summons which was issued by said justice in said action, dated on the 23d day of August, 1886, the said justice required the plaintiff in error to answer the complaint of Jesse Stewart in a civil action for the recovery of money due as damages for a wrong, in which the plaintiff would demand judgment for $300.00 exclusive of interest and costs; and on the 8th day of October, 1886, a judgment was rendered by said justice against the plaintiff in error for the sum of $250.00 with interest from that date and costs.

From this judgment an appeal was taken to the Circuit Court of said county, where said action was tried before a jury of six, who found a verdict in favor of the defendant in error for $270.00, which verdict the plaintiff in error moved the court to set aside, and grant it a new trial, which motion was overruled, and a judgment rendered upon said verdict, from which judgment the plaintiff in error applied for and obtained a writ of error to this Court.

To the rulings of the Circuit Court upon the trial of said appeal six separate bills of exceptions were taken by the

plaintiff in error. By the first of said bills of exceptions it appears, that the defendant in error testified, that he had sustained damages to the amount of $500.00 by reason of the matters complained of in said suit, and that thereupon the plaintiff in error moved the court to dismiss the case, on the ground that the action was brought before a justice of the peace for a cause not within a justice's jurisdiction, which motion was overruled, and the action of the court in over-ruling said motion is assigned as the second error and is earnestly insisted on by the attorney for the plaintiff in error in his brief he claiming that, because the defendant in error testified, that the injury, for which suit was brought, caused damage to him to the amount of $500.00, therefore the justice did not have jurisdiction. Now, our Code, c. 50, § 10, provides, that "a justice shall have jurisdiction of ac tions for trespass on real estate, or damages to the same, or to rights pertaining thereto, if the damages claimed do not exceed three hundred dollars, and the cause of action arose in his county." What is meant by the "damages claimed?" and where do we look to see what is claimed? In answering these questions it is not necessary to wait until the trial has commenced, and the evidence, or any portion of it, has been introduced; the *allegata* in some form must pre-cede the *probata*, and in ascertaining what has been alleged in a suit of this character before a justice we must look to the summons, by which the action is commenced, and if it is found, that in the summons a greater amount of damages than $300.00 is claimed, then the motion to dismiss should prevail.

In the case of *State* v. *Lambert*, 24 W. Va. 399, which was an action before a justice to recover damages for the breach of an official bond, this Court held, that "the amount of dam-ages alleged and claimed in the summons, and not the pen-alty of such bond, must be considered as determining the jurisdiction of the justice."

In the case under consideration only $300.00 was claimed in the summons, and the plaintiff could not go beyond that amount in his recovery, no matter what might be the proof. I do not therefore think the court below erred in overruling the motion of the plaintiff in error to dismiss the case on the

ground that the cause was not within the jurisdiction of a justice.

The third ground of error assigned by the plaintiff in error is as to the mode of estimating damages permitted by the Circuit Court, as shown by bill of exceptions No. 2, from which it appears, that the plaintiff's own testimony before the jury tended to prove, that the damages done to his whole farm of 135 acres by the burning in the complaint mentioned was $500.00, because said evidence was misleading and erroneous and was not admissible under the complaint, the damage being thereby limited to "rails, rail and board fence," and a lot of growing timber, and other forest and rail-timber, and the burning mentioned in bill of exceptions No. 6 being confined to about eight acres, upon which was standing the timber-trees, young trees, rails and fire-wood, which were claimed to have been injured and destroyed by the fire.

The question raised by this exception is, whether in this action the damage done to the residue of said farm, which was about 127 acres, 125 acres of which were cleared, could be considered as an element in ascertaining the damage claimed by burning over the eight acres. "The rule of damages generally adopted in cases of negligent injury to real property is to allow the difference between the value of the plaintiff's premises before the injury happened and the value immediately after the injury, taking into the account only the damages which had resulted from the defendant's acts." See *Chase* v. *Railroad Co.*, 24 Barb. 273; *McGuire* v. *Grant*, 25 N. J. Law, 356. "The rule as stated is not, however, universally applied, and it is held, that, if the thing destroyed, although it is a part of the realty, has a value, which can be accurately measured and ascertained without reference to the soil, in which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, and not for the difference in the value of the land before and after such destruction." See *Whitbeck* v. *Railroad Co.*, 36 Barb. 644; *Richardson* v. *Northup*, 66 Barb. 85; *Stanton* v. *Pritchard*, 4 Hun 266; *Winchester* v. *Craig*, 33 Mich. 205; *Railroad Co.* v. *Ward*, 16 Ill. 522.

In the case of *Whitbeck* v. *Railroad Co.*, *supra*, it is held:

"The rule of damages in an action for the destruction of such trees is not the extent to which the value of the land is diminished by such destruction;" and in Pierce on Railroads, p. 446, we find: "The measure of damages for property wholly destroyed by fire is the market value thereof, (*Burke* v. *Railroad Co.*, 7 Heisk. 451, 465;) or, if only injured or partly destroyed, the difference between the market-value before and after the injury, (*Bevier* v. *Canal Co.*, 13 Hun 254; *Atkinson* v. *Railroad Co.*, 63 Mo. 367.) The market value is the test even, it has been held, in the case of fruit trees or other property attached to the realty, the value of which can be measured independently. See Pierce, R. R. 446." From these authorities it is apparent, that the true rule in ascertaining the measure of damages as to the timber injured and destroyed by fire would be to find the difference between the market value of the timber, where it stood before the burning and afterwards, although it may, as it often does, constitute a very considerable element in the value of the land. When the destruction of the timber is total, the market-value thereof would measure the damage, and, when the destruction is partial, it would be the market-value as it stood, when the fire occurred, reduced by the value of the timber in its then condition; and the same rule should apply with reference to the fire-wood, rails, and fencing.

Having arrived at this conclusion as to the proper mode of determining the damage sustained by the defendant in error I am of opinion, that the court below erred in allowing the plaintiff to testify, as indicated in bill of exceptions No. 2, as to the damage done to his whole farm 135 acres by the burning of said timber, fire-wood and fences.

As to the question propounded to the witness, John W. Rowland, as indicated by his answer set forth in bill of exceptions No. 3, what he considered the damage done to the farm by said fire, it appears to me, the court below erred in allowing said testimony to go to the jury for two reasons —*first*, because he estimates the damage done to the entire farm, something that is claimed neither in the summons or the complaint; *second*, because he stated, that he had never made any estimate of the number of timber-trees destroyed

or injured by the fire in May, 1885, mentioned in the complaint, and did not know the quantity of rails or growing timber or fire-wood destroyed or injured by said fire, and consequently was giving an opinion as to the aggregate amount of damage sustained by the plaintiff, when he frankly admitted his entire ignorance as to the items of damage, which composed said aggregate, which he should have known before being allowed to express his opinion as to the amount of damage before the jury.

Instructions Nos. 1 and 3, which were asked for by the plaintiff in error and refused by the court below, read as follows: No. 1. "The court instructs the jury that in order to determine the amount of damages to which the plaintiff is entitled they should compare the value of the land as it was immediately before the injury with its value after the injury, and this comparison should be made in the light of all the evidence given upon the question of the value of the land before, and its value after, the injury." No. 3. "So much of the injury as consisted in the destruction or injury done to standing trees is an injury done to the real estate, and as to that part of the injury the damages must be assessed as for an injury to real estate, and the jury should not consider what the standing timber might have been worth in case it had been converted into personal property."

I do not think the court below erred in refusing to give said instructions to the jury, as they would have a tendency to bring into the controversy an element of damage, which was never asserted or claimed by the plaintiff below, and because they do not correctly propound the law pertaining to the case.

The court, as we think, having ruled erroneously in allowing the plaintiff, as set forth in bill of exceptions No. 2, to state what damage had been done to his entire farm of 135 acres by burning over the eight acres mentioned in bill of exceptions No. 6, (part of said 135 acre tract,) and by allowing the witness John W. Rowland, who testified before the jury, to fix the damage done the farm by said fire at $450.00 or $500.00 and that too when he clearly shows, that he did not know, what timber-trees were destroyed by the fire, and had never made any estimate of their number, and did not

know the number of rails or amount of fire-wood injured or destroyed by fire, and as the cause must be reversed for these errors, and remanded to the Circuit Court of Marion county, where a new trial must be awarded, it is neither necessary nor proper to consider the questions raised by the motion to set aside the verdict on the ground that it is contrary to the evidence.

For the reasons herein set forth, the judgment complained of is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

REVERSED.    REMANDED.