# CHARLESTON.

Junkins v. Hamilton Lumber Co.

Submitted February 2, 1898—Decided April 6, 1898.

Dismissal—*Appeal—Reversal.*

> When a circuit court prematurely dismisses an action, the judgment will be reversed, and the case remanded, to be tried in accordance with the rules of law and principles governing courts of justice. (p. 643),

Error to Circuit Court, Tucker County.

Action by I. D. Junkins against the Hamilton Lumber Company. The judgment for plaintiff was reversed, and he brings error.

*Reversed.*

Lloyd Hansford, for plaintiff in error.

A. J. Valentine, for defendant in error.

Dent, Judge:

I. D. Junkins, on the 12th day of April, 1895, brought a suit before a justice of the county of Tucker for the sum of three hundred dollars, due on account, and recovered a judgment for one hundred and six dollars and seventeen cents, against the Hamilton Lumber Company. The company appealed therefrom to the circuit court. No pleadings were made up, either before the justice or in court. The plaintiff filed a statement of various accounts,

amounting to six hundred and eight dollars and sixty cents. On the 27th day of November, 1895, a jury was sworn according to law without issue or pleading on the part of the defendant. Plaintiff went on the witness stand, and was engaged in proving his accounts. His books had been destroyed, and he had to rely on his memory alone. He stated, among other things, that his wife kept the books, and knew all about the account. The defendant's attorney, proceeding to cross-examine him, asked him if various items in his account, amounting to over three hundred dollars, had been paid, and, on receiving a negative answer, and without giving plaintiff an opportunity to explain forthwith, before the evidence was closed, moved the court to dismiss the action for the reason that plaintiff exceeded the jurisdiction of the justice, and thereupon the court, without either asking or affording the plaintiff an opportunity to show the true amount claimed by him, dismissed the action. Plaintiff excepted.

It certainly is a matter open for discussion whether a plaintiff who sues upon an open account before a justice, and the evidence shows that he is entitled to recover more than three hundred dollars, may not release the excess, and take judgment for the residue, as no harm can come to any one by reason thereof, and any creditor should have the right of forgiving his debtor any portion of his indebtedness. The strictness of the common law does not prevail in justice's trials. See *People* v. *Marine Court*, 36 Barb. 341, in which it was held plaintiff might remit excess beyond jurisdiction. It is true that in the case of *Todd* v. *Gates*, 20 W. Va. 464, it is held that, "if it appears during the trial that the plaintiff's claim was an entire sum, and that the plaintiff had reduced it by feigned credits or otherwise, the action will be dismissed as *coram non judice*." But there is no good reason why a creditor may not release to his debtor any portion of his indebtedness. In the case of *Stewart* v. *Railroad Co.*, 33 W. Va. 88, (10 S. E. 26), it was held that "the amount claimed in the summons, and not the damages shown by the testimony, must control" the jurisdiction. *Wells* v. *Insurance Co.*, 41 W. Va. 131, (23 S. E. 527), held: "In cases of unliquidated damages, if not in other cases, a party may reduce his

claim so as to bring it within the jurisdiction of a justice."
The reading of the law is that the justice shall have juris-
diction in civil cases, "provided the amount of money or
damages, or the value of the property claimed, does not
exceed three hundred dollars, exclusive of interest and
costs." The word "claimed" does not refer to the amount
plaintiff might be entitled to demand from the defendant,
but the amount which he actually does demand, and for
which he claims judgment. However this may be, in
this case the circuit court acted prematurely and harshly
in dismissing plaintiff's action before he had been afforded
an opportunity to show the true amount for which he
claimed a judgment, and for this reason alone the judg-
ment of dismissal is reversed, and the case is remanded
to be tried according to the rules of law and justice.

*Reversed.*