# CHARLESTON.

CASE MANUFACTURING CO. *v.* SWEENY *et al.*

Submitted January 24, 1900.—Decided March 31, 1900.

1. APPEAL—*Amount—Jurisdiction.*

> In determining the question of jurisdiction in an action for the recovery of money on contract, which comes to this Court on appeal to the circuit court, and writ of error, the amount claimed in the summons must determine the question of jurisdiction. (p. 640).

2. UNLIQUIDATED DAMAGES—*Set-off.*

> Unliquidated damages cannot be the subject of a set-off. (p. 641).

Error to Circuit Court, Fayette County.

Action by the Case Manufacturing Company against J. S. Sweeny and others. Judgment for defendants, and plaintiff brings error.

*Dismissed.*

PAYNE & HAMILTON, for plaintiff in error.

A. P. FARLEY and W. R. LILLY, for defendants in error.

English, Judge:

A. R. Case and E. N. Case, partners under the firm name of the Case Manufacturing Company, brought a civil action before a justice of the peace of Fayette County, for the recovery of money due on contract, against J. S. Sweeny, W. Sweeny, and John Cregor. Process was served on J. S. Sweeny, and the same was returned "Not found" as to the other defendants. The suit was predicated on a promissory note dated July 16, 1898, executed by J. S. Sweeny and W. Sweeny, and payable September 1st to the order of John Cregor, for eighty dollars. The defendants pleaded payment, and filed specifications of set-off amounting to ninety-six dollars and sixty-nine cents; and thereupon E. N. Case filed his claim for damages against the defendant, J. S. Sweeny, for failing to log timber in compliance with his contract, as a counter set-off. The case was heard, and judgment rendered for the defendant for three dollars and sixty cents. A new trial was awarded by the justice, and on the second trial judgment was given in favor of the defendant for five dollars and costs, and the plaintiff obtained an appeal to the circuit court. On the trial of the appeal in the circuit court the plaintiffs offered in evidence said note for eighty dollars. The defendant filed his set-off of ninety six dollars and sixty-nine cents, and E. N. Case tendered his claim for damages against said Sweeny of four hundred and fifteen dollars and eighteen cents, which was ordered to be filed. The case was submitted to a jury, and resulted in a verdict for the defendant. The plaintiffs moved for a new trial, which was overruled, an exception was taken, and judgment rendered against plaintiffs for costs, and from this judgment the plaintiffs obtained this writ of error.

In considering this case, we encounter at once the question of jurisdiction, which may incidentally involve several of the questions raised by the assignment of errors and the points discussed in the briefs of counsel. Was the amount in controversy sufficient to confer jurisdiction upon this Court? In the summons the plaintiffs asserted that they would demand of the defendants judgment for eighty-one dollars and forty cents, and the set-off filed by

Sweeny amounted to ninety-six dollars and sixty-nine cents, neither of which amounts would give this Court jurisdiction. The plaintiffs obtained this writ of error, and it is incumbent on them to show jurisdiction in the Court to which they resort for relief. In *Stewart* v. *Railroad Co.*, 33 W. Va. 88(10 S. E. 26), this Court held that, "in determining the question of jurisdiction in an action before a justice for a wrong, the amount claimed in the summons, not the damage shown by the testimony, must control." See, also, *Todd* v. *Gates* 20 W. Va. 464. So, also, in *State* v. *Lambert*, 24 W. Va. 399, which was an action before a justice to recover damages for the breach of an official bond, it was held that "the amount of damages alleged and claimed in the summons, and not the penalty of such bond, must be considered, as determining the jurisdiction of the justice." And in *Faulconer* v. *Stinson*, 44 W. Va. 546 (29 S. E. 1011), it is held that "it is the amount claimed by the plaintiff in his declaration or bill, or by the defendant in his plea or answer of set-off, not the amount found due to either, which tests the right to a writ of error or appeal for them, respectively, as regards jurisdiction." Applying these principles to the case at bar, the plaintiffs would certainly not be entitled to a hearing in this Court; the amount demanded in their summons and complaint being only for eighty-one dollars and forty cents.

Is the claim of the plaintiffs for the jurisdiction of this Court improved by the fact that they were allowed to file as a counter set-off the claim of E. N. Case against J. S. Sweeny for four hundred and fifteen dollars and eighteen cents, for damages occasioned by failing to log timber in accordance with his contract? This counter set-off was improperly filed, for several reasons: In the first place, the damage is claimed to have accrued to E. N. Case individually, by reason of the breach of a contract made by him with the defendant Sweeny, while this suit was instituted by the Case Manufacturing Company. The set-off filed by the defendant was for merchandise sold to the Case Company. As to this set-off, the defendant would be deemed to have brought a suit; and, even if the damages claimed as a counter set-off by E. N. Case had been so

claimed by the Case Company, they were unliquidated damages,—not appearing to have grown out of the same transaction,—and should not have been filed as a counter set-off to the defendant's set-off. That unliquidated damages cannot be made the subject of set-off, see *Navigation Co.* v. *Rice*, 9 W. Va. 636; *Guano Co.* v. *Appling*, 33 W. Va. 470 (10 S. E. 809); and *Hargreaves* v. *Kimberly*, 26 W. Va. 788. The claim asserted by the plaintiffs in this case, to wit, eighty-one dollars and forty cents, must be considered the amount in controversy, so far as the right of the plaintiffs to this writ of error is involved; and, that being insufficient to entitle them to the jurisdiction of this Court, this writ of error is dismissed.

*Dismissed.*