# CHARLESTON.

## RICHMOND v. HENDERSON.

### Decided December 8, 1900.

1. JUSTICE OF THE PEACE—*Jurisdiction.*
    Where a summons of a justice in a civil action for the recovery of money for the breach of contract demands judgment for three hundred dollars, though the plaintiff files two bills of particulars on different causes of action, aggregating more than three hundred dollars, this is not cause for dismissing the action before trial, for want of jurisdiction.  (p. 391).

2. AMOUNT OF RECOVERY—*Test.*
    The amount of recovery in a civil action before a justice demanded by the summons is the test of the amount in controversy, on the question of jurisdiction.  (p. 392).

3. APPEAL—*Original Jurisdiction.*
    Where a justice has no jurisdiction of a civil action, neither has a circuit court on appeal, though such court would have original jurisdiction in the case, and therefore such court must dismiss the action for want of jurisdiction.  (p. 392).

4. CLAIM—*Splitting.*
    One having claim under contract for more than three hundred dollars may, to get jurisdiction before a justice, release part of

it and recover a less sum, but cannot split one demand into several actions. (p. 393).

5. JUDGMENT OF A JUSTICE—*Cause of Action.*

An appeal lies from the judgment of a justice rendered upon the verdict of a jury, just as in cases tried by him without a jury, and the writ of *certiorari* does not lie in such case. The cases of *Barlow* v. *Daniels,* 25 W. Va. 512; *Hickman* v. *Railroad Co.,* 30 W. Va. 296, (4 S. E. 654, 7 S. E. 455); *Vandervort* v. *Fouse,* 30 W .Va. 326, (4 S. E. 660); and *Fouse* v. *Vandervort,* 30 W. .Va. 327, (4 S. E. 298),—so far as they hold to the contrary, are overruled. (p. 395).

Error to Circuit Court, Tyler County.

Action by Silas Richmond against D. J. Henderson before a justice. On *certiorari* the circuit court reversed a judgment for plaintiff, and he brings error.

*Reversed.*

G. D. SMITH and I. M. UNDERWOOD, for plaintiff in error.

JAMES H. STRICKLING, for defendant in error.

BRANNON, JUDGE:

Silas Richmond brought a civil action against D. J. Henderson before a justice of Tyler County, which was tried by a jury, which rendered a verdict for the plaintiff of two hundred and seventy-five dollars, upon which verdict the justice entered judgment, and then Henderson obtained from the judge of the circuit court a writ of *certiorari*. Upon said writ of *certiorari* the circuit court reversed the justice's judgment, set aside the verdict of the jury and granted a new trial, and afterwards the said circuit court wholly dismissed the action brought by Richmond before the justice, and to this judgment of dismissal Richmond took a writ of error to this Court.

The first question that occurs is, did the circuit court err in dismissing the action brought before the justice? The only ground upon which this dismissal is sought to be vindicated is this: The justice's summons was "for the recovery of damages for the breach of a written contract between said Henderson and said Richmond on the — day of October, 1898, for rent of said Henderson's farm in Tyler County for five years, in which the plaintiff will demand judgment for three hundred dollars, with interest and costs according to law"; and Richmond filed a bill

of particulars against Henderson for three hundred dollars. Afterwards he filed before the justice what is called an amended complaint, which is simply and only a bill of particulars of items of charge against Henderson aggregating three hundred dollars. These two bills of particulars together aggregate six hundred dollars, and is claimed that by filing this amended bill of particulars Richmond made his action exceed the constitutional jurisdiction of a justice of three hundred dollars, and thereby ousted the jurisdiction of the justice, and that as, the justice lost jurisdiction, so the circuit court could entertain the case no longer on the principle that if the court in which an action is brought has no jurisdiction of the amount in controversy, the court to which it is taken by appeal is without jurisdiction (for new trial on the merits), though it might have taken jurisdiction in an original action; and that this rule goes so far that if, after the case goes to an appellate court, an amendment to the complaint is made so as to increase the amount in controversy to a sum in excess of the jurisdictional amount in the court below, the jurisdiction of the appellate court is ousted, and the case must be dismissed. No doubt this is good law where it applies. Work, Courts & Jurisdic. 67, 102; *Todd & Smith* v. *Gates,* 20 W. Va. 464. From the confused and uncertain record in this case I gather that Richmond brought a suit on the idea of recovering damages for breach of the written contract of lease, and he filed for specification a claim for three hundred dollars damages on the same idea of breach of contract. That specification reads: "To damages for breach of a written contract entered into between said Henderson and said Richmond on the — day of October, 1899, for rent of said Henderson's farm for five years. Damages, three hundred dollars." This is a repetition of the language of the summons. Then Richmond shifted his basis of recovery to that of charges for building houses and other things, furnishing material for the same, and labor performed on the leased premises, still claiming, however, for such charges the theory of a breach of the lease by Henderson, in as much as Henderson did not comply with the engagement which he made by the lease to have Richmond do certain work, by failing to point out the work and agree upon the price, whereby Richmond could not do more work, abandoned the premises of Henderson and charged for what he had done. This charge bears some relation to that

contract of lease. Now, I do not understand this to be an addition to the demand, so as to oust the justice's jurisdiction. It is well settled in formal actions in courts of record that a declaration may contain different counts on different causes of action, different counts really on the same cause of action, which aggregate more than the sum named in the original summons, or the *ad damnum* clause of the declaration, and yet that fact of excess does not deprive the court of jurisdiction. Work Courts & Jurisdic., 59. Why may not a suitor in a justice's court, as well as in a circuit court, vary the character of his claim, so as to meet the proof, to meet different theories of recovery? I regard these two specifications like different counts in a declaration; but the recovery on either account, or any theory of recovery, must not exceed the sum demanded in the justice's summons. We must remember, in dealing with this question, that "in determining the question of jurisdiction before a justice for a wrong, the amount claimed in the summons, not the damage shown by the testimony, must control." *Stewart* v. *B. & O. R. R. Co.,* 33 W. Va. 88. I understand that in justice's courts for any cause of action, whether on contract or for a wrong, the amount claimed in the summons controls, when the question is whether the amount of jurisdiction is exceeded. *Todd & Smith* v. *Gates,* 20 W. Va. 464. Therefore, let the bills of particulars be for different amounts, or for different causes, though added, they would exceed the amount claimed in the summons, yet so the recovery is not beyond the amount specified in the summons, it is legitimate procedure. There is no want of jurisdiction. In this case Henderson's objection is rather that Richmond by two bills of particulars shifted his base for recovery, on the theory that his first claim was for breach of the written contract, whilst his second bill of particulars was for different things, that is, for building houses, furnishing materials, work, etc. This is rather an objection based on the idea of a departure in pleading, an amendment of the declaration introducing new and distinct matter. Now, that would not oust jurisdiction. If the objection that the second bill of particulars introduced matter not germane to the original bill of particulars, that subject could be regulated at the trial, because the plaintiff might be compelled, in a proper case, to elect upon which bill of particulars he would proceed. This should be done rather than throw his action out of court, on the theory of want

of jurisdiction. But I hold that in justice's courts even that can be rarely done, and would not have been proper in this case. Why? Because under principles held in *O'Connor* v. *Dils,* 43 W. Va. 54, great liberality prevails in actions before justices, under this head, as well as under other heads. That case holds that the words, "damages for a wrong," found in the summons issued by a justice are equivalent to, or rather include and cover, the words, "money due on contract," also found in a summons issued by a justice. The Code says a summons issued by a justice shall state that the demand is for the recovery of money "due on contract (or for damages for a wrong, as the case may be), in which the plaintiff will claim judgment for $——." This would seem to indicate a separation between actions *ex contractu* and actions *ex delicto,* as distinguished by the common law, and to preclude proof of any cause of action arising out of contract where the summons is for recovery for a wrong, and *vice versa;* but the case cited holds the reverse, and from it, though the summons be for damages for a wrong, yet proof may be given of a cause of action arising out of contract. The opinions of Judges Dent and Holt in that case will show that there is but one form of action in justices' courts, and that the common law forms of action do not prevail there, and that the distinction between actions for tort and contract is abolished in those courts, and that the summons has for its office to bring the parties before the court to answer an action for a claim not exceeding a given sum, and that any evidence establishing a legal cause of action may be given, but the recovery shall not exceed the sum of constitutional jurisdiction. It follows from this that even if Richmond's first claim is on a theory of a breach of contract, and his second for work and material, still, either or both might be proven under the two bills of particulars, and recovery could be had, so it did not exceed three hundred dollars. There was no want of jurisdiction. Moreover, suppose the two bills of particulars to be dissimilar; still, if of a character provable in the case, as I have just shown they were, the plaintiff, though entitled to recover under the proof the full amount of both, could take judgment for less, as he would be compelled to do to be within the pale of jurisdiction; for the law gives him a right to surrender, to remit, a part of his demand; the right to do so even though it be to get jurisdiction before a justice, because a citizen has a right to choose between

the courts of his country, for the entertainment of his cause, so he do not injure the other party, and this choice among the lawful courts cannot be an injury to the other party, because all courts are equal in this respect, and for the further reason that if the plaintiff chooses to release a part of his demand against the defendant, the defendant is not injureu. *Wells* v. *Life Ins. Co.,* 41 W. Va. 131; opinion by JUDGE DENT in *Junkins* v. *Hamilton Lumber Co.,* 44 W. Va. 642. "The rule also pretty generally obtains that one may waive a portion of the amount in controversy where the amount is greater than the court's jurisdiction in order to confer jurisdiction, provided this is done *bona fide* and with no fraudulent intent." 1 Ency. Pl. & Prac. 707. Under these principles, whether we view the two bills of particulars as claiming recovery on causes of action of the same or distinct nature, as they were provable in this action, all that the court had to do was to say that no judgment could be given beyond three hundred dollars, and thus limit the verdict to that sum, or if it exceeded that sum, was to say to the plaintiff that he must either take a non-suit or remit down to three hundred dollars. The nature of the plaintiff's claim or claims being cognizable in a justice's court, whether the bill of particulars were of the same or different natures, the plaintiff had right to prove his demand, and take a recovery not over three hundred dollars, and it was error to throw him out of court. These principles also answer the objection that the plaintiff, after the case reached the circuit court, filed still another amended bill of particulars. But as to this bill of particulars, there is no color to say that it increased the demand of Richmond, for the second bill filed before the justice and that filed in the circuit court are for exactly the same items of charge in amounts and ground of charge—exactly the same debits—and the items of the debit foot up the same amount in both bills of particulars. The only difference is that the bill filed in the circuit court has a more precise and definite heading than the other one in specifying that the account is made out for money due, labor performed and material furnished under a contract for rent of Henderson's farm and damages sustained by Richmond on account of breach of contract, which heading is followed by the itemized debits. Thus, I hold that the circuit court erred in dismissing the case on the score of want of juris-

diction either before the justice or in the circuit court, so far as amount is concerned.

The next question is whether that judgment of the circuit court reversing the judgment of the justice, setting aside the verdict of the jury before the justice and granting a new trial, is correct. Even if the writ of *certiorari* properly applied in the case, I do not think that action of the circuit court was correct; but on the contrary, I think that in such case there should have been judgment affirming the judgment of the justice. The *certiorari* was based on the theory that the verdict was contrary to the evidence. In such cases it is presumed that the verdict is right, unless it appears otherwise from a review of the evidence. Erorr is not presumed in such case any more than in other cases, but the reverse is presumed. *Griffith* v. *Corrothers*, 42 W. Va. 59; *Todd & Smith* v. *Gates*, 20 *Id.* 464. To bring evidence before a jury into the record for review in an appellate court, it must be certified in a bill of exceptions, and when it is not so presented, it cannot be considered, and the verdict must stand. *Cushwa* v. *Lamar*, 45 W. Va. 326; *Wustland* v. *Potterfield*, 9 *Id.* 438; *Laidley* v. *Kanawha County Court*, 44 *Id.* 566; *Williamson* v. *Hays*, 35 *Id.* 52. There is no bill of exceptions showing the evidence before the justice, though a paper is in the record purporting to be such, but it is a fugative paper, and cannot be considered for two reasons. The statute, Code. 1891, chapter 110, section 3, requires this certificate of evidence as a part of the proceedings of the justice; but in this case there is no note on the justice's docket in the case of this paper. The docket is full to show the institution of the action, the trial before the jury upon evidence heard, and judgment on the verdict, but it mentions no certificate of evidence or bill of exceptions. It must be noted in the record. *Furbee* v. *Shay*, 46 W. Va. 736; *Croft* v. *Mann, Id.* 478; *Adkins* v. *Globe Fire Ins. Co.*, 45 W. Va. 384; *Cushwa* v. *Lamar, Id.* 326; *Pegram* v. *Stortz*, 31 W. Va. 220, (pt. 10 syl.); *Winters* v. *Null, Id.* 450.

Another reason against reading this bill of exceptions is that the trial before the jury was on Saturday, March 11, the judgment Monday, March 13, the bill of exceptions March 14. On the 13th of March, as the docket shows, that judgment was entered and the case closed and execution issued. That was the last day on which the judgment could be entered. It could not be entered later, as held by this Court in *McClain* v. *Davis*, 37

W. Va. 330. A justice's court has no term. When a case is ended by final judgment the functions of the justice are obviously at an end, and the justice can thereafter do nothing to change the record of that trial, or make a part of that record what was not such before. If he can sign and date the certificate of facts the next day, he can do it the next week, and thus violate the statute, which requires judgment to be entered upon a verdict within twenty-four hours of the verdict. *Bee* v. *Seaman*, 36 W. Va. 381. It is abundantly settled that a circuit court even cannot, after the close of a term, add to its record, or in anywise change or amend it, except, perhaps, for merely clerical errors. *Enders* v. *Burch*, 15 Grat. 64; *Bee* v. *Seaman*, *supra; In re Black*, 39 Am. St. R. 331. The bill of exceptions must be signed before the end of the term. *Welly* v. *Campbell*, 37 W. Va. 797; *State* v. *McGlumphy, Id.* 805. A statute now allows a circuit judge to sign a bill of exceptions within thirty days after the close of the term; but that does not apply to justices.

The evidence before the jury not being properly before the circuit court, that court should have presumed that the verdict was right on the evidence, and that the justice in overruling a motion for a new trial was right, and the circuit court should have affirmed the justice's judgment, instead of reversing it.

I have above discussed this case upon the principles and theories presented by counsel, treating the writ of *certiorari* as a proper remedy for the correction of error in the judgment of a justice rendered upon the verdict of a jury under *Barlow* v. *Daniels*, 25 W. Va. 512, and cases following it, holding that writ to be proper in such case. All the foregoing part of this opinion so treats this writ, and so treating it, I reach the conclusion that the circuit court entered erroneous judgments. But I now proceed to give another reason why the action of the circuit court must be reversed. It is proper to say that under former decisions of this Court the action of the circuit court could not be reversed for the reason now to be given for such reversal, because former decisions of this Court would forbid reversal for such reason. That reason is this, that a writ of *certiorari* is not a proper remedy to review the judgment of a justice of the peace rendered upon the verdict of a jury, and that is because an appeal lies of right from such judgment, if over fifteen dollars in amount, to the circuit court, though that

judgment is upon the verdict of a jury, in like manner as where the judgment is without a jury  To reach this conclusion we are put to the necessity to overrule the case of *Barlow* v. *Daniels,* 25 W. Va. 512, and, as to this point of law, also the cases of *Hickman* v. *Railroad Co.,* 30 W. Va. 296; *Vandervort* v. *Fouse,* 30 W. Va. 326, and *Fouse* v. *Vandervort, Id.* 327.  It is with hesitation and reluctance that I, as well as the other members of the Court, feel myself compelled to come to this conclusion; for I realize that those decisions came from a very able court, and particularly that the opinions therein are the work, after patient and careful consideration, of a jurist of pre-eminent ability, JUDGE SNYDER.  Few persons have had better opportutunity to know, none have more readiness or willingness to concede, the high merit and distinguished ability as a jurist of that lamented ex-member of this Court; still, notwithstanding this hesitation, the members of this Court are firmly of the opinion that when a decision appears, in process of time, to stand on an unsound basis, and to be inconvenient in practice, cumbersome in its application, costly in the administration of justice, and calculated in a good many instances either to delay or defeat justice, it is the duty of the Court to overrule that decision, especially where, as in this case, the matter is one merely of procedure or practice, and does not concern a personal or property right.

Before stating my reasons for the conclusion we have reached, I call attention to the discussion of this subject to be found in the opinion prepared by JUDGE DENT in *Michaelson* v. *Cautley,* 45 W. Va. 537.

The case of *Barlow* v. *Daniels,* and the others above mentioned, hold that in no case tried by a jury in a justice's court can there be the ordinary appeal to the circuit court, but that the only process for review is by the writ of *certiorari.*  The denial of appeal in such case is based by those decisions upon section 13, Article III, of the State Constitution, reading as follows: "In suits at common law, where the value in controversy exceeds twenty dollars, exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; and in such suit before a justice a jury may consist of six persons. No fact tried by a jury shall be otherwise re-examined in any case than according to the rules of the common law."  Is a jury before a justice to be deemed a jury within the meaning of that section of the Constitution?  Or does it mean only the common

law jury of twelve sitting in the courts of record? Does that section refer.at all to a jury before a justice, except that particular clause relative to such a jury? Does the clause prohibiting the re-examination of fact otherwise than according to the rules of the common law, have any reference to the verdict of a jury before a justice? At common law a justice had no civil jurisdiction whatever, and consequently jury trial before a justice was unknown in civil cases. A justice derives his civil jurisdiction wholly from statute law. 12 Ency. Pl. & Prac. 669; 12 Am. & Eng. Ency. L. (1 Ed.) 425. But courts of record of the common law always had juries. Though given jurisdiction by statute longer ago, justices had no jury until the West Virginia act of 1863. It is very certain that when the law speaks of a jury, or right of trial by jury, it means the common law jury of twelve sitting in courts of record, unless something in the context leads to a different conclusion. *Loving* v. *N. & W. R. R. Co.,* 47 W. Va. 582, (35 S. E. 962) ; *Capital Traction Co.* v. *Hof,* 174 U. S 1; *Thompson* v. *Utah,* 170 U. S. 343; *Maxwell v. Dow,* 176 *Id.* 581; 12 Enc. Pl. & Prac. 237. Therefore, I may safely say that but for the clause in said section of the Constitution contained in the words, "and in such suits before a justice a jury may consist of six persons," that section would not demand or mean a jury trial in civil suits before a justice, for the reason that at the common law there was no jury before a justice in a civil case, nor civil jurisdiction before him. I can safely say that the general requirement of jury trial in the Virginia Constitution before the formation of this State, and section 7 of Article II of the Constitution of 1863, would not demand a jury before a justice. The Supreme Court of the United States speaking of the Seventh Amendment to the Federal Constitution, from which section 13 of Article III of our State Constitution is borrowed, said in *Capital Traction Co.* v. *Hof,* 174 U. S. p. 13: "Trial by jury, in the primary and usual sense of the term at the common law and in the American Constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and empaneled, to administer oaths to them and to the constable in charge, and to enter a judgment and issue an execution on their verdict; but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and advise them on the

facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence. This proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion." The court also said: "A trial by a jury of twelve men before a justice of the peace, having been unknown in England or America before the Declaration of Independence, can hardly have been within the contemplation of Congress in proposing, or of the people in ratifying, the Seventh Amendment of the Constitution of the United States." So, I say that section 13, Article III, of our State Constitution does not demand a jury trial, unless the clause, "and in such suit before a justice a jury may consist of six persons," compels us to say that it does. Does that clause have the mandatory force to change the antecedent law in this regard, to revolutionize the constitutional law in this respect, to change the nature of a justice's court in this respect, and to elevate his court to the rank of a court of record in this respect? I do not think it has such force. The Virginia Bill of Rights, at the date of the formation of this State and its Constitution, simply said that, "In controversies respecting property, and in suits between man and man, the ancient trial by jury of twelve men is preferable to any other, and ought to be held sacred." The West Virginia Constitution of 1863 said: "In suits at common law where the value in controversy exceeds twenty dollars, the right of trial by jury, if required by either party, shall be preserved. No fact tried by a jury shall be otherwise re-examined in any case than according to the rules of the common law." The Virginia and West Virginia constitutions thus did not mention jury trial before a justice in the provisions quoted, and would not require it, because, under principles stated above, they refered only to the common law jury in courts of record. This is made plain, as to the construction of the general provision for jury trial in the Constitution of 1863, by the fact that in its seventh article, section 10 gave a jury before a justice in civil cases where the value in controversy or damages claimed exceeded twenty dollars. The Constitution of 1872, Article II, section 7, is the same as section 7, Article II, of the Constitution of 1863, except that the former prohibited a jury before a justice in a civil case. Then came the amendment adopted in 1880, making section 13 read as it does at present. Then, was the clause

intended to utterly reverse the common law and the Constitution of 1872, which did not demand a jury before a justice, and to enforce such a jury before a justice? I hardly think so. If such had been the express intention, why did not the legislature propose to reincorporate in the Constitution the provision of the Constitution of 1863 expressly giving a jury before a justice? We would hardly assume that the intention was to change the common law, which did not demand a jury before a justice, and to extend and enlarge the former constitutional law, which did not demand such jury, so as to require a jury in every case before a justice of a legal nature, where the controversy was over twenty dollars without words very plain in the Constitution admitting of no other construction. As the Constitution of 1872 had in words prohibited such a jury, we would hardly think that the amendment of 1880 intended wholly to reverse the provision and policy of the Constitution of 1872, and enforce, in all cases, without regard to legislative discretion, a jury before a justice, unless we have words very plainly speaking that meaning. We can hardly say that the first clause giving the jury the right was intended to do what, until that amendment it had never been construed to do, that is, give peremptorily, mandatorily, a jury trial before a justice. Was it intended to make this great innovation? I think not. An appeal to retry facts lay in Virginia from justice's courts. It lay "in all cases" in West Virginia tried before a justice, with or without a jury, from 1863 to the amendment of 1880, seventeen years. Can we fairly presume that the amendment of 1880 intended to repeal and abrogate, in a great number of cases, this plain, useful remedy, which had been so long a process of right, without showing any error, and substitute *certiorari* with its cumbersome process of bills of exception, and compel a party to show error before having the benefit of a retrial? Never was this designed in the adoption of that amendment of Article III, section 13. I think authority sustains this view, as will be later shown. It seems to me that nothing more was intended by the clause in the amendment touching a jury before a justice than to merely give the legislature authority to allow such jury in such cases as it might select, and if it did enact such legislation, then to authorize a jury of less than twelve. This latter purpose, I think, was the main motive of the clause. Its design was not, I think, to liken a justice's court to a court of record, in this re-

spect, to equalize the two courts in this respect, to innovate upon the antecedent law so as to bind the legislature, by a mandatory provision, to allow a jury in all civil cases before a justice—to make the first clause include a jury before a justice, a thing which that clause never had before done. These considerations seem to me to have force to say that the first or general clause giving a jury trial was meant to apply only to courts of record proceeding according to the course of the common law, and therefore technically courts of record, and not to justices' and other inferior 'tribunals, which never were properly courts of record. It will be asked, why should A suing in a circuit court upon a promissory note for three hundred dollars have a jury, whereas B suing on a like note before a justice not have a jury? The answer is B has chosen a forum of a different nature from the circuit court, like the man who has gone into equity in a foreign attachment on a legal demand. Certainly, unless the clause touching a jury before a justice in section 13, Article III, changes it, a jury before a justice is not such a jury as is meant in that section, when it says that no fact tried by a jury shall be otherwise re-examined than according to the rules of the common law. That a jury before a justice is not a jury under the general constitutional law is clearly shown by the Supreme Court of the United States in *Capital Traction Co.* v. *Hof,* 174 U. S. 1, when discussing the Seventh Federal amendment. Though I know that that amendment does not contain the clause relative to juries before justices found in our Constitution, still, the case has weight to show that it is not probable or likely that our Constitution was intended to change such general law. An act of Congress conferring jurisdiction on justices in the District of Columbia in certain civil cases, and providing for a trial by a jury before such justices, and giving an appeal from their judgments to the Supreme Court of the District of Columbia, and giving a trial by jury in the latter court also, was involved in that case. It was claimed that the provision subjecting a verdict before the justice to a re-trial by jury in the appellate court was contrary to the Seventh Amendment, because it was a re-examination otherwise than by the usual course of the common law; but the Supreme Court of the United States held that a jury of twelve before a justice was not a jury within the meaning of the Seventh Amendment in its provision against re-examination otherwise than according to the course of the common

law. The reasons given, in short, were that justices at common law had no civil jurisdiction, had no juries, were not courts, and that under the amendment a jury meant one empaneled in a common law court of record. I do not fail to observe that section 13 of Article III, State Constitution, says, "In suits at common law" the jury right shall be preserved, and in immediate connection adds "and in such suit before a justice a jury may consist of six persons," the use of the words "such suits" seeming to include a justice's suit among the suits provided for under the general clause. Still, that is not conclusive. Nor do I forget that our Constitution gives justices jurisdiction in actions of *assumpsit*, debt, detinue and trover, common law actions demanding in courts of record a jury, and that therefore it might be inferred that in actions of the like kind before a justice it was designed likewise to grant a jury trial; but I answer that there is not much force in that argument, because ever since justices have had any civil jurisdiction they have without a jury taken cognizance of matters tried in courts of record in those common law actions, though the process by which they were enforced was not called by the name of those actions; nor is there any action now so called before justices, the Constitution in naming those actions referring to the subject matter only. I will add that the Constitution of 1872 as originally adopted gave justices jurisdiction in those actions, and yet prohibited a jury before a justice.

Another view tending to sustain the position that a jury before a justice is not a jury referred to in the section of the Constitution under discussion is suggested by the last clause of section 13, reading, "No fact tried by a jury shall be otherwise re-examined in any case than according to the rules of the common law." This seems to refer only to the jury of twelve in courts of record under the common law. The use of the words "according to the rules of the common law" points to a meaning. The clause speaks about re-examining a verdict, and says that it can only be done by the rules of the common law, and must mean that verdict by that jury to which those rules apply, that is, a verdict of twelve men in a court of record under the common law, to the review of which certain rules were by the common law applicable, as held everywhere—the only verdict known to the law reviewable by those common law rules. There was no other verdict. Whoever heard of reviewing a verdict before a

justice according to the rules of the common law? What are those rules of the common law by which alone a verdict can be reviewed? All answer that those rules say that a verdict can be affected only by the grant of a new trial in the same court or by the reversal of the judgment in a higher court for error of law in the record. *Capital Traction Co.* v. *Hof,* 174 U. S. 1; *Parsons* v. *Bedford,* 3 Pet. 446-448; *Chicago, Burlington and Quincy Railroad* v. *Chicago,* 166 U. S. 226, 246; *Barlow* v. *Daniels,* 25 W. Va. 512. Those rules for reviewing a verdict include the process or means of doing so by the common law writ of error, a process by which a judgment is reversed and the case reopened for a new trial; but that writ of error goes only from a court of record. *Railway* v. *Board,* 28 W. Va. 264; *Morgan* v. *R. R. Co.,* 39 *Id.* 21. Whoever heard of a writ of error to a judgment of a justice. · The very fact that the rules of the common law having application to review the finding of fact by a jury includes a writ of error as one process by which to retry a verdict, wholly negatives all idea that a verdict in a justice's court is meant by our Constitution when it says that no fact found by a jury shall be otherwise re-examined than by the rules of the common law. The draughtsman of the Constitution must have known that those rules provided by the common law for the retrial of facts were only applicable to verdicts in the courts of record. He could not have had in view verdicts in justices' courts; for though he mentioned them, he yet in the last clause declared that no verdict should be affected except by the rules of the common law, and they were well known as applying only to juries in courts of record. And I will add that perhaps even if the former language in the section could be held to apply to verdicts before justices, the last clause of the section might be fairly deemed not to apply to such verdicts, but that they were exceptions from the last clause. And I will add further that the very use in this last clause of the words "common law" imports that only verdicts in courts of record were meant, because the common law knew no other verdict, and certainly no other verdict to which such rules were applicable for their review.

If I entertained any doubt that a verdict of a jury before a justice is not such a verdict as is protected against retrial *de novo* by the last clause of section 13, Article III, State Constitu-

tion, such doubt would be dissipated. by another consideration now to be mentioned, and that is that we are not to look alone to said section 13, but we are to remember that section 28, Article VIII of the Constitution contains the clause, "Appeals shall be allowed from the judgments of justices of the peace in such manner as may be prescribed by law." And look at that whole section. We will see that it is the general grant of jurisdiction to justices of actions of *assumpsit,* debt, detinue and trover to an amount not over three hundred dollars, and that in the self same section the right of appeal is given in the entire field of such jurisdiction in the matter of the same actions. Now, everybody knows that the legal signification of "appeal," unless the context otherwise manifests, means an appellate process which opens the former judgment and verdict, and sends the case to a higher court for trial *de novo* upon the same facts, or new facts, regardless of the former trial. When the Constitution thus granted an appeal as broad as the whole field of a justice's jurisdiction, without any qualification except as the legislature might prescribe, it meant that such appeal should have its ordinary function and efficacy to retry any case, on law and fact, to which the legislature might extend it. It did not tie the power of review down by saying that it should not be made, except by the rules of the common law. It applied no limitation; it unreservedly gave this appeal with all the legal incidents of that appeal, one of which is the power to retry questions of fact. We must, in construing the Constitution, take all its parts pertinent to the particular matter in hand to gather the intent. We must hold up before our eyes section 13 of Art. III, and section 28 of Art. VIII, in order to give each its meaning, in order to see how one reflects upon the meaning of the other, and thus get at what both taken together mean upon this subject. When we do this I say that we must come to the conclusion that to the general rule of section 13 that no fact tried by a jury shall be otherwise re-examined than according to the course of the common law, there is an exception forced upon us by section 28 of Art. VIII, that is, that cases tried before justices are not subject to that rule, but that by appeals they may be retried otherwise than according to the rules of the common law, whether they were tried before the justice by a jury or not, because the grant of that appeal makes no such qualification or limitation. I have above maintained, or sought to maintain, that a verdict

in a justice's court is not within the prohibition contained in section 13 of Art. III, against review; but even if it would be such a verdict under that section taken alone, still the clause of section 28 of Article VIII, granting an appeal from the judgment of a justice, would make the verdict of a jury before a justice an exception from said section 13, an exception from its closing clause.

I may add that in the case of *Capital Traction Co.* v. *Hof.* 174 U. S. 1, Justice Gray holds that when upon an appeal a jury trial is given in the appellate court, that satisfies the demand of the constitution for a jury trial whether such trial is accorded in the first court or not. I readily agree that the authorities cited by him do show that the right of trial by jury is satisfied if a jury trial be given in the appellate court on appeal though none be given in the inferior court or court below; but I do not see how such jury trial in the appellate court could satisfy another clause of amendment seven, that clause prohibiting the retrial of fact otherwise than by the rules of the common law; for that amendment does two things, grants a jury trial, and after it has taken place protects its verdict from retrial. At any rate, in that case there was a trial before a justice, and Justice Gray gave as a reason why a retrial on appeal did not violate the clause prohibiting retrial, except by the rules of the common law, the fact that a jury trial was accorded in the appellate court. If that position be correct it shows that there may be likewise under our Constitution an appeal and retrial in it without violating our Constitution. Judge Woods in the *Hickman case,* 30 W. Va. 310, indicates doubt of the *Barlow case.* His strong reasoning logically overthrows it.

For these reasons we reach the conclusion that in any civil action tried before a justice by a jury there may be the like appeal as in other cases, without any bill of exceptions or certificate of evidence, without any manifestation of error of law on the record, simply an appeal as of right, without any assignment of error or showing of error, which appeal of its own force nullifies the verdict and judgment and opens the case for trial *de novo* upon both law and fact in the circuit court, just as in cases tried by the justice without a jury. As such appeal is proper in such case a writ of *certiorari* does not lie, because as shown by cases cited in *Morgan* v. *Railroad Company,* 39 W. Va. 21, and *Meeks* v. *Windon,* 10 *Id.* 180, and *Poe* v. *Machine Works,* 24 *Id.*

517, it does not lie where an appeal lies. Also section 2, chapter 110, Code, denies the writ of *certiorari* where an appeal lies. Therefore, for reasons above given, the motion of Richmond to the circuit court to quash and dismiss the writ of *certiorari* ought to have been sustained. Therefore, we reverse the judgment of the circuit court rendered on the 11th day of December, 1899, dismissing the action of Richmond brought before the justice of the peace, and also the judgment of the circuit court rendered on the 18th day of April, 1899, reversing the judgment of the justice rendered on the 13th day of March, 1899, in favor of Richmond against Henderson for two hundred and seventy-five dollars, with interest from the 13th day of March, 1899, and ten dollars and forty cents costs, and setting aside the verdict of the jury rendered in the justice's court on the 11th day of March, 1899, and granting a new trial to Henderson; and thereupon this Court rendering such judgment as the circuit court of Tyler County should have rendered, it is now here considered that the writ of *certiorari* awarded to said Henderson be, and the same is, hereby dismissed as improvidently granted, leaving the said judgment rendered by said justice stand unimpaired by said writ of *certiorari* or proceedings under the same, and further that said Henderson do pay said Richmond the costs by said Richmond expended in his defense of said writ of *certiorari* in said circuit court expended.

*Reversed.*