# CHARLESTON.

### HICKOK *v.* CATON.

Submitted September 6, 1902.    Decided March 28, 1903.

1.  BILL—*Judgment—Demurrer.*
    A bill filed to enjoin a judgment rendered by a justice, as void, which fails to show that plaintiff was without adequate remedy at law, as bad on demurrer and should be dismissed.   (p. 49).

Appeal from Circuit Court, Ritchie County.

Action by J. W. Hickok against A. C. Caton and others. Judgment for plaintiff, and defendants appeal.

*Reversed.*

B. F. AYERS, for appellants.

F. L. BLACKMARR, for appellee.

MCWHORTER, PRESIDENT:

A. C. Caton brought his action before a justice of the peace in Ritchie County, against J. W. Hickok and obtained judgment therein for $125.00.   Hickok took it to the circuit court of Ritchie County on *certiorari.*   On the 20th day of October, 1898, the cause was heard in the circuit court on *certiorari,* the verdict of the jury before the justice was set aside as well as the judgment therein and the cause dismissed and judgment for costs in favor of Hickok against Caton.   On the 27th of October, at the same term plaintiff, Caton, moved the court to set aside the order of judgment entered on the 20th of October when the court

made an order in default of the appearance of Hickok to prosecute his said writ of *certiorari,* the same was dismissed and judgment was rendered in favor of Caton for his costs. At the May Rules, 1900, defendant Hickok, filed his bill in equity against the said A. C. Caton and S. G. Pyle, to enjoin the collection of the said judgment upon execution issued from the docket of the said justice of the peace upon said judgment and praying that the said judgment and execution might be set aside and annulled and for general relief.

Plaintiff alleges in his bill that he first made a special appearance before the justice to dismiss the action for the reason that the justice had no jurisdiction and submitted evidence to the justice that there never had been any dealings between the parties in Ritchie County and that plaintiff, Hickok, was a resident of Tyler County, where the cause of action, if any there was, arose; that the justice refused to dismiss the cause and called a jury to try it; but that said jury was not sworn according to the provisions of section 86, chapter 50, Code; that the jury rendered a verdict upon which the justice entered judgment in favor of Caton against Hickok and sets out the facts of suing out his writ of *certiorari* and the proceedings thereon as hereinbefore stated; alleging that plaintiff, Hickok, had no notice of the orders of October 20th and 27th, and he being a resident of Tyler County and not of Ritchie County he was entitled to notice thereof under the provisions of section 12, chapter 127, Code, and further alleging that the order of October 20, of the circuit court setting aside the verdict of the jury and the judgment of the justice and giving judgment to Hickok for his costs in the *certiorari* proceedings was never set aside by the circuit court of Ritchie County and still remains in full force as it was entered on the 20th day of October; that the last order of October 27, dismissing the writ of *certiorari* was illegal and improvidently entered and was in violation of the provisions of section 3, chapter 110, Code, and exhibited with his bill as well the proceedings before the justice as in the circuit court of Ritchie County, and alleging that notwithstanding the judgment of the justice was set aside said justice on the 30th day of January, 1900, furnish a transcript thereof from his docket and said Caton caused the same to be recorded on the 2d of February, 1900, in the office of the circuit court of Ritchie County,

in law execution book No. 3, and on the same day caused an execution to be issued by the clerk of the said circuit court of Ritchie County to S. G. Pyle, sheriff of Tyler County, returnable at the March Rules, 1900; that said Pyle, under said execution had levied upon a certain house belonging to Hickok in Sistersville, Tyler County, and threatened to proceed to sell the same to satisfy said execution; alleging that the transcript from the docket of said justice and the execution issued thereon were illegal and void and prayed that the plaintiff and said Pyle, sheriff, be enjoined from collecting the same, and that the said judgment and execution be set aside and annulled, and for general relief. To which bill the defendant demurred and filed the answer of said Caton and Pyle, sheriff, and aver that said Hickok had ample time and opportunity to be present at the trial before the justice, yet he failed and refused to attend either in person or by counsel; that no motion was made to set aside the judgment of the justice nor was the evidence offered before the justice saved by bills of exceptions; admit the proceedings on the *certiorari* in the circuit court and claim that it was a fraud upon the part of Hickok to procure the dismissal of the cause in the absence of himself and counsel before the day on which it was placed on the docket for trial; that respondent used no fraud or inducement or any means to prevent Hickok from defending his cause before the justice nor upon the writ of *certiorari* in the circuit court and say that said Hickok was guilty of gross *laches* and wilful neglect about his defence. Respondents further aver that said Hickok did not make any motion to have said dismissal of his *certiorari* proceedings set aside as he had a right to under sections 11 and 12, chapter 127, Code; that Hickok had two remedies at law open to him, either to make application to have the dismissal set aside and his cause re-instated on the docket or take an appeal to the Supreme Court, and that he was required to pursue his legal remedy and not to enjoin the collection of the judgment in the court of equity; that the house levied upon in the town of Sistersville, and which the sheriff threatened to sell as alleged is situated on leashold property and is a chattel interest and liable to be sold under execution. Plaintiffs filed an amended bill to which defendants also demurred, which amended bill contained principally the allegations of the original bill and further alleged that the justice before whom the action was

brought was elected in and for and resided in Clay District, Ritchie County and issued a summons against Hickok requiring him to appear before the said justice at J. Newman's office in Cairo, Grant District, in said county. Said Newman's office named for the place of return of the summons being in Grant District and without the District of Clay, in which said justice resided and was elected, and prayed that the issuing of said summons by the justice should be declared to be without jurisdiction illegal and void, and that said injunction granted be made perpetual and said judgment and execution be annulled. Defendants, Caton and Pyle, answered said amended bill denying the material allegations thereof. The court overruled the demurrer to the bill, and amended bill.

On the 3d day of July, 1901, the cause was heard upon the papers formerly read and upon the motion to dissolve the injunction, when the court held that plaintiff was entitled to relief prayed for and perpetuated the injunction without prejudice to the rights of the defendants or either of them to take such proceedings at law as they might be advised to bring. From which decree the defendants appealed.

It seems that the only question involved here under the decisions and rulings of this Court and of the courts of Virginia, is as to whether the plaintiff who was the execution debtor had an adequate remedy at law; 1 High on Injunctions 230, it is said: "While the discussion of this branch of the preventive jurisdiction of equity as applied to void judgments, as shown in the preceding sections, has demonstrated a remarkable conflict of authority upon the right of relief by injunction in such cases, the prevailing tendency of the courts seems toward the establishment of the simple test in such cases, of whether adequate remedy exists at law for the protection of the judgment debtor against the void judgment. Where such remedy exists, either by appeal, *certiorari,* application to the court itself which rendered the judgment, or in any other legal and adequate manner, no satisfactory reason is perceived why equity should depart from the universal rule of withholding its extraordinary aid to redress a grievance which is remediable at law;" see *Hudson* v. *Kline,* 9 Grat. 379; and in *Shay* v. *Nolan,* 46 W. Va. 399, it is held: "A bill for an injunction to the judgment of a justice on the verdict of a jury, which shows on its face that the plaintiffs have a plain,

adequate remedy at law, is fatally defective; and on demurrer theerto the temporary injunction awarded should be dissolved, and the bill dismissed," and in *Railway* v. *Ryan,* 31 W. Va. 364 (Syl. pt. 1), "A judgment pronounced by a justice without service of process upon or notice to the defendant is void. But as such judgment may be set aside, even when rendered upon the verdict of a jury, by the circuit court upon a writ of *certiorari* the defendant in the judgment can not obtain relief against it in a court of equity." The remedy at law is much simplified in the matter of judgments before justices since it is held that an appeal lies therefrom as a matter of right whether the action has been tried before the justice or a jury; *Richmond* v. *Henderson,* 48 W. Va. 389; (37 S. E. 653). The defendant in case the judgment of the justice was irregular had a right of appeal to the circuit court of Ritchie County and the amount of the judgment was sufficient to carry it from the circuit court to the Supreme Court of Appeals in case the circuit court committed error.

The judgment of the justice having been vacated and set aside and the action dismissed by the circuit court, Hickok's remedy was and is by motion to quash execution for want of judgment to support it.

The bill failed to show that the plaintiff was without adequate remedy at law, the demurrer should have been sustained, and this Court, proceeding to render such judgment as the circuit court should have rendered, the decree is reversed, the demurrer sustained, and the bill dismissed.

*Reversed.*