# CHARLESTON.

## SCHAFER *v.* McJUNKIN.

Submitted June 15, 1903—Decided November 7, 1903.

CERTIORARI—*Justice—Bond.*

> A case in a circuit court on a writ of *certiorari* to a judgment of a justice of the peace, awarded before the decision of the case of *Richmond* v. *Henderson*, 48 W. Va. 389, and within ten days from the date of the judgment, will, upon the request of the plaintiff in error, be treated as being in said court on an appeal, allowed by the court or judge thereof, although the requirements of the statute as to the form of the petition and bond in such an appeal have not been complied with. (p. 15).

Appeal from the Circuit Court, Tyler County.

Action by H. M. Schaffer against Thompson & McJunkin. Judgement for plaintiff and defendant appeals.

*Affirmed and Remanded.*

R. L. MOORE and C. E. KESTERSON, for defendant in error.

F. D. YOUNG and McCOY & HAINES, for plaintiff in error.

POFFENBARGER, JUDGE:

On September 6, 1899, H. M. Schaffer instituted a civil action against Frank Thompson and E. J. McJunkin, partners as Thompson & McJunkin, before H. B. Hissam, a justice of the peace of Tyler County, for the recovery of the possession of certain personal property, in which, on the 16th day of September, 1899, on the demand of the plaintiff, a jury was impanelled, a trial had, and a verdict rendered for the plaintiff, in the absence of the defendants, they having failed to appear. Two days later, on the motion of the defendants, the plaintiff being represented by his attorney, the judgment and verdict were set aside and a new trial granted to be had on September 25, 1899, which being had on said day, resulted in a verdict and judgment for the defendants. On the 3rd day of October, 1899, upon the petition of the plaintiff, a writ of *certiorari* was awarded by the judge of the circuit court of Tyler County, re-

quiring bond to be given in the penalty of one hundred dollars with security to be approved by the clerk of the court. The bond was given on the 19th day of October, 1899, but there is no endorsement on it showing the approval of the clerk. On the 24th day of December, 1899, on motion of the defendants, the bond was held insufficient and a new one in the penalty of seventy-five dollars was ordered, which was given. The next order was made on April 14, 1900, when a motion to quash the writ and dismiss the petition was made accompanied by an affidavit of the justice purporting to show that his certificate of the evidence had been altered since made by him. Counter affidavits were filed later by the defendants, and, on April 21, 1900, upon hearing, the court overruled the motion and entered an order reversing the judgment and setting aside the verdict and ordering that the case be retained upon the docket for trial in the circuit court, and to that order, a writ of error and *supersedeas* was awarded by a judge of this Court upon the petition of the defendants.

The principles announced in *Herbert* v. *Railroad Co.,* 50 W. Va. 253, and *Faulkner* v. *Simmons,* 51 W. Va. 172, govern the case. Disregarding all technicalities and informalities, the Court decides in those two cases that, although a writ of *certiorari* does not lie from the circuit court to the judgment of a justice rendered upon the verdict of a jury, and is null and void as a writ of *certiorari,* yet, as it is a protest against the judgment, and as the decisions were until that of the case of *Richmond* v. *Henderson,* 48 W. Va. 389, was rendered, a petition for a writ of *certiorari* was the only form in which such protest could be made, the writ awarded upon such petition should be treated as an order granting an appeal, under section 17 of chapter 50 of the code, although made within ten days from the judgment, contrary to the express letter of the statute, and without any showing of excuse for not having taken the appeal in the justice's court, as required by the statute, thereby proceeding upon the theory that the court must take judicial notice of the existence of a sufficient excuse in the fact that the decisions, as they then stood, did not permit an appeal to be taken in such cases. Against this liberality in procedure, it was vainly urged also that the bond given was not in the penalty nor in the form of an appeal bond. The objections urged

against treating those cases as being in the circuit court on appeal were of the same character and equally as strong as those stated in the present case and the relaxation of merely formal requirements which rendered them unavailing must be permitted to sustain the position of the defendant in error in this case.

As the judgment of the justice has already been reversed and the verdict of the jury set aside, which would have been the effect of the appeal, had it been granted, and the result of proper proceedings in the circuit court upon the request that the *certiorari* be treated as an appeal, had such request been made and proceeded upon, the action of the court, in reversing the judgment and setting aside the verdict and retaining the action for a new trial, is affirmed and the case is remanded for further proceedings, is desired by the defendant in error.

*Affirmed and Remanded.*